## HENDERSON v. OLIVER et al.

Tax Sale: STATUTE OF LIMITATIONS. The case of *Eldridge* v. *Kuehl* (27 Iowa, 160), holding that the five year limitation of actions brought for the recovery of real property sold at tax sale, contained in section 790 of the Revision, commences to run from the execution and recording of the deed, instead of from the date the land was struck off to the bidder, followed in the present case.

*Appeal from Monroe District Court.*

SATURDAY, OCT. 9.

BILL in equity to set aside certain tax deeds; defendant demurred upon the grounds : 1. Facts stated do not show a cause of action. 2. Petition shows affirmatively that the cause of action is barred by the special statute of limitations. Rev. § 790. Demurrer sustained and plaintiff appeals.

*A. V. Lorimer* for the appellant.

*B. D. Holbrook* for the appellees.

WRIGHT, J.—The controversy relates to the undivided half of a quarter section of land. The sale was made by the treasurer for delinquent taxes, Dec. 2, 1861.

It seems that he executed a deed, showing a sale of the property in gross, bearing date Oct. 20, 1865, which was recorded Nov. 2, 1865. Afterward (Nov. 8, 1866), based upon the same sale and certificate, he made four other deeds, showing the sale of the premises in forty-acre tracts; these deeds were recorded the same day. This action was commenced Dec., 1867, and the demurrer ruled upon in June, 1868.

It was held by this court in *Eldridge* v. *Kuehl* (27 Iowa, 160), that the word "sale," used in the statute, (§ 790), fixing the time within which actions must be brought for

the recovery of real property sold for the non-payment of taxes, means a completed *sale* and not the mere striking the property off by the officer at the time of the sale; or, in other words, a sale which *vests the title in the purchaser*.

This action was undeniably commenced in time, under this construction of the statute, and the second ground of demurrer was, therefore, not well taken. For it was commenced in less than five years from the date of either deed, and would be in time whether the defendants rely upon the first or the last.

As, upon the facts alleged in the petition (admitting their truth), we can hardly presume that the court below was prepared to hold, or did hold, that plaintiff was not entitled to relief, we are justified in concluding that the demurrer was sustained upon this second ground (ruled as it was before the decision of this court above cited), and that this was esteemed the real obstacle in the path of plaintiff's recovery. And we, therefore, here leave the case, remarking, however, in corroboration of the assumption just stated, that the petition, if true, shows a sale by the treasurer *to himself*, or to a party, who purchased for him and for his interest—the purchaser and the treasurer being parties to the petition. If thus directly or indirectly interested or concerned in such purchase, the sale was void. Rev. § 775. And upon this ground, to say nothing of any other (for we need not), the petition would doubtless have been held good, but for the supposed bar of the statute.

Without more, we are of the opinion that the demurrer was not well taken, should have been overruled, and that the judgment below must therefore be

Reversed.