## BROWN & SULLY v. PAINTER.

**Tax Sale**: STATUTE OF LIMITATIONS: SALE IN GROSS, Under section 790 of the Revision, an action by a purchaser at a tax sale for the possession of distinct parcels of land which were sold in gross, and of which the original owner remained in undisturbed, adverse possession for more than five years, is barred.

*Appeal from Des Moines District Court.*

FRIDAY, JUNE 12.

PLAINTIFFS claim the possession of lots no's 2, 3, 4 and 5, in block 915, in Barrett's subdivision of out lots in the City of Burlington, alleging that they are the owners thereof in fee simple, and that defendant unlawfully keeps them out of possession.

The answer denies the allegation of the petition, and avers that defendant is the absolute owner of the real estate, and that she has been in the actual and adverse possession of the same for more than ten years prior to the commencement of the suit, and pleads the statute of limitations.

The action was commenced in June, 1873. The plaintiff offered in evidence a tax deed showing a sale in gross of the lots in question for the delinquent taxes for the years 1856 to 1863, both inclusive. This deed was dated 20th of Feb., 1868, and filed for record Feb. 25th, 1868. Defendant objected to the introduction of the deed as incompetent, and because it showed the several lots to have been sold in a lump. The objection was overruled, and the deed admitted.

It was admitted that the defendant has the original title to the premises, and has had the actual and open possession of the same for more than ten years last before the bringing of this suit, and up to the present time, claiming to be owner. This being all the testimony introduced, the court adjudged that plaintiffs recover the possession of the property. Defendant appeals.

*Halls & Baldwin,* for appellant.

*S. K. Tracy,* for appellees.

DAY, J.—We deem it necessary to determine but one of the questions presented and argued by appellant's counsel.

**1. TAX SALE: action: statute of limitation.** From the statement of the case above made it appears that the defendant is the original owner, and that, claiming to be such, she has been in the actual possession of the premises for ten years prior to the commencement of this suit.

This action was brought by the holder of the tax title after the lapse of five years from the recording of the tax deed. Section 790, Revision of 1860, provides "No action for the recovery of real property sold for the non payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid, anything in the statute of limitations to the contrary notwithstanding."

The benefit of this statute is not limited to the holder of the tax title, and we have no authority for so limiting it by judicial construction. Indeed, such a limitation, under the facts of this case, would work the grossest injustice. Here was a sale in gross, which would not have enabled the plaintiff to recover possession, if the action had been brought within five years. The original owner is permitted to remain in undisturbed possession for five years, because during that time plaintiff's deed is ineffectual for the recovery of the property, and the institution of legal proceedings will call defendant's attention to the defect. It would be a strange operation of a statute of limitations if its only effect should be to enable one out of possession to evict one who has been for ten years in possession as owner.

The identical question involved in this case arose in Wisconsin under a statute in all material respects like our own. This statute is as follows:

"Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the lands redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter." In *Falkner v. Dorman*, 7 Wisconsin, 388, which was an action by the tax purchaser, to recover from the original owner the possession of lands sold for taxes,

instituted after the lapse of three years from the recording of the deed, it was held that the statute operates in favor of the original proprietor, as well as against him. In this case the court said "we are of the opinion that if any force and effect is given to this provision of law, it must be considered as a statute of repose, operating in favor of the person in possession of the lands which have been sold for taxes, barring an action upon a tax deed commenced after three years from the time when the deed was recorded, as well as enuring to the benefit of a person in possession under such tax deed for the period limited for bringing the suit."

The correctness of this doctrine was recognized in *Jones v. Collins*, 16 Wis., 594, and in *Knox v. Cleveland*, 13 Wis., 245. In the last named case, DIXON, CH. J., referring to the statute above set out, said: "The construction which that section has heretofore received, is well understood. It is that to all cases within its operation, it was like a two-edged sword, and cut both ways; that whichever party was under the necessity of resorting to legal proceedings pending the time limited, in order to obtain actual possession of the premises in dispute from the other, must have commenced his action within that time, or he was barred."

It is to be observed that in the case at bar, the original owner has been in the actual, open, adverse possession of the premises for the whole period since the recording of the tax deed, and the tax deed is invalid because of a sale in gross.

Under such circumstances we entertain no doubt that section 790, of the Revision, bars the action of the purchaser for the recovery of the land.

The court erred in adjudging the possession to plaintiffs.

REVERSED.