## HINTRAGER v. HENNESSY.

1. **Tax Sale:** STATUTE OF LIMITATIONS: PURCHASER. An action by the purchaser at tax sale to recover possession of the property sold for delinquent taxes is barred after the expiration of five years from the time when he became entitled to a deed.

2. **Practice in the Supreme Court:** NOTICE OF APPEAL: REHEARING. The notice of appeal and evidence of service should be contained in the abstract, and when omitted therefrom cannot be supplied in a petition for rehearing, nor will the court upon a rehearing consider matters not presented in the former arguments nor considered in the opinion.

3. ———: APPEAL: PRESUMPTION AS TO EXTENT OF. Where a party appeals generally from a decree containing two provisions, one adverse and the other favorable to him, it will not be presumed that he appeals from the part which is in his favor.

*Appeal from Delaware District Court.*

THURSDAY, OCTOBER 4.

ACTION to recover possession of real estate consisting of certain lots in the city of Dubuque. The plaintiff claims to recover by reason of his being the alleged owner of an absolute fee simple estate. The defendant's answer discloses the fact that the plaintiff's title and his right to recover depend on the validity of a tax sale and deed made in pursuance thereof. Such answer is of an equitable character, and alleges that the tax sale and deed were void because the property was exempt from taxation; that it had never been assessed and that the statute of limitations constitutes a bar to the plaintiff's recovery. The District Court found for the defendant, rendered judgment accordingly, and plaintiff appeals.

*A. E. House,* for appellant.

*Geo. Crane, H. T. McNulty* and *C. C. Cole,* for appellee.

SEEVERS, J.—The following are the undisputed facts: The property in controversy was sold in May and December, 1861, for the taxes of 1858, and on the 5th day of May, 1871, the treasurer, in pursuance of such sales, executed a deed to the plaintiff for the lots in controversy, and the same day this action was commenced by placing in the hands of the sheriff, with intent to be served immediately, an original notice which was served on the defendant the succeeding day.

The defendant, or those under whom he claims, was in possession of the property at the time it was assessed and has been in possession ever since.

The plaintiff, it will be seen, was entitled to a deed for all the property as early as December, 1864. If, therefore, the action is barred in five years from the sale, or five years from the time he was entitled to a deed, he cannot recover. The statute is as follows: "No action for the recovery of real property sold for the non-payment of taxes shall lie unless the same be brought within five years after the date of the sale for taxes." Revision, Sec. 790; Code, Sec. 902.

1. TAX sale: statute of limitations: purchaser.

It was held in *Eldridge v. Kuehl*, 27 Iowa, 160, as to the owner, the word "sale" meant a completed sale, and as to such owner the bar of the statute did not become complete until five years after the deed was executed and recorded. This ruling was placed on the ground that as the purchaser at the sale received a certificate of purchase only, which he might keep in his pocket until the expiration of five years from the sale, it would be both unjust and unconstitutional to limit the action by the owner to five years from the sale. This decision does not necessarily determine when the statute begins to run as to the purchaser, nor does the reasoning on which it is based include him.

It was held in *Brown & Sully v. Painter*, 38 Iowa, 456, that the statute applied to the purchaser as well as the owner, and that the action as to the former where the latter was in the actual occupation of the premises was barred in five years from the recording of the deed. It therefore only remains to be determined whether the plaintiff can by *his own act* prevent the

running of the statute against him, or in other words whether by his failure to call for a deed at the time he was entitled thereto under the law he can prevent the running of the statute.

It is made the duty of the treasurer to make out the deed immediately after the expiration of three years from the sale and deliver the same to the purchaser upon the return of the certificate. Rev., Sec. 781. This statute, which was in force at the time the plaintiff became entitled to a deed, has been materially changed by the Code, section 894. The presumption is that the treasurer would promptly perform his duty, but he could only make and deliver the deed upon the return of the certificate of purchase. It is, therefore, incumbent on the purchaser to return the certificate and demand the deed. There is no evidence tending to show that the plaintiff called for a deed previous to May 5, 1871, and when he asked for it he got it.

It has been held by this court when a party has a right of action which he cannot enforce in the courts until he has first presented the claim on which it is founded to the board of supervisors for their allowance or rejection, that the statute begins to run when the cause of action accrued and not from the presentation to the board of supervisors. *Baker v. Johnson County*, 33 Iowa, 151. See, also, *Codman v. Rogers*, 10 Pick., 111.

It is unnecessary to determine whether the statute begins to run at the sale or when the plaintiff's right to a deed culminated. The statute uses the word sale, and nothing whatever is said as to the deed or its execution. If the statute begins to run at the sale as to the purchaser, he would have two years in which to bring his action after his right to the deed became perfect. This would be a reasonable time within which to bring his action, and we are not prepared to say such a ruling would be unjust, and certainly it would not be unconstitutional. But however this may be, we have no hesitation in holding that as to the purchaser the sale became complete whenever his right to a deed became perfect, and that the statute as to him began to run at that time if not before. In other words, he cannot, by his own act or laches, prevent the running of the

statute.   It would be unjust and unreasonable to hold other-
wise, for if the purchaser may delay taking a. deed for five
years, why not for ten, or such other period of time when he
feels satisfied the owner could not, owing to the lapse of time,
death of witnesses or destruction of records prove the sale
fraudulent or void.   In the present case it may be safely as-
sumed that it is more difficult for the defendant to prove the
property was exempt from taxation, or that there was no assess-
ment than it would have been if the action had been brought
within five years from the time the plaintiff became entitled to
a deed.

It is stated by one of the counsel for defendant that both
parties appealed, but we find no evidence of such fact in the
abstract.   The judgment of the District Court is, therefore,

AFFIRMED.

### ON REHEARING.

Both parties have filed their petitions for rehearing.   That
by plaintiff does not claim the decision to be wrong, as we
understand, but that it is in conflict with *Eldridge v. Kuehl*,
27 Iowa, 160.   Even if this were true, it would not follow a
rehearing should be granted.

But we do not understand there is any such conflict, and
nothing said in the foregoing opinion should be construed as
in any manner impairing the ruling made in *Eldridge v.
Kuehl*.

A judgment was rendered in the court below in favor of the
plaintiff and against the defendant for $2,287.28, the same
being the amount found due the plaintiff for taxes paid on the
property in controversy, including interest, penalty and costs.
We declined to interfere with this judgment, because no evi-
dence was contained in the record showing any appeal there-
from.

The defendant, in his petition, concedes the record did not
show that he had appealed, but insists that one was properly
taken, and whether this be true or not, the appeal of the plain-
tiff being from the decree as a whole, and the cause being
triable anew in this court, that we should have rendered such

Hintrager v. Hennessy.

judgment as the court below should have rendered.    It is our duty to determine the questions thus presented.

I.   The decree was rendered in the District Court, on the 30th day of March, 1876.    The plaintiff was served with notice that the defendant had appealed on the 13th day of October, 1876, and the clerk acknowledged service thereof on the 19th day of the same month.    The pretended appeal was not, therefore, taken in time, as more than six months had elapsed between the time the decree was rendered and it is claimed the appeal was taken.

II.   Evidence of the appeal having been taken is, for the first time, before us in the petition for a rehearing.    The ex- cuse given for the condition of the abstract in this respect is, that it was prepared for and used in the District Court, to which plaintiff added the decree and his notice of appeal, and " defendant did not deem it necessary to print the notice of appeal or evidence of service and annex it thereto."    If any sufficient excuse could be given for the omission, certainly the one above stated is insufficient.

2. PRACTICE in the supreme court: notice of appeal: re hearing.

In the opinion of counsel it was unnecessary for the fact that an appeal had been taken to be stated in the abstract, and having taken the chances the plaintiff must abide the conse- quences.    The mistake was not one of fact, but of law.

If this mistake had been that of the clerk, instead of the defendant, it has been held a rehearing should not for that reason be granted.    *Warner v. Campbell*, 39 Ind., 409.    And it is said:    " It is not the practice in any court to allow a new trial or a rehearing merely that the party may amend his pleadings and present the case in a new form."

We are unwilling to sanction the practice that a new case can be made in a petition for a rehearing, or that matters may be insisted on therein which were not presented in the original argument and not considered in the opinion.    Should we do so, causes might be presented and determined by piecemeal. When the end would be reached would depend on the care- lessness, persistency or whims of counsel, and the necessity of the party for time.    The object and office of a petition for a rehearing is to satisfy the court that it is reasonably certain

Hintrager v. Hennessy.

some matter presented by counsel has been overlooked by the court, or that some mistake of fact or law has been made in the opinion.

III. In answering the petition, the defendant alleged that "he had offered to repay the plaintiff more than the whole sum paid by him, * * and said defendant is still ready and willing to repay to said plaintiff his said taxes, interest, penalty and costs in case this court holds that in equity and good conscience said defendant is bound so to do." In consequence of this offer, we presume, and with full knowledge that the plaintiff had asked no such relief, the District Court rendered the judgment in question. We are of the opinion such judgment was fully authorized under the pleadings. At least the defendant cannot justly complain because the relief granted exceeded or was different from that asked by the plaintiff.

*3. ———: appeal: presumption as to extent of.*

The decree below contained two judgments: one in favor of and the other against the plaintiff. They were separate, distinct and related to different subjects, although both grew out of the same transaction. From these judgments it may be said in one sense the plaintiff appealed, because he did not specify that he appealed from any particular portion of the decree only. But it will not be presumed he appealed from that portion in his favor. Especially is this true when the relief he sought by the appeal, if granted, would render the judgment of the court below nugatory.

The plaintiff made no complaint of the relief granted, but the kind or quantity was not such as he desired.

Besides this, we are not prepared to hold that we should disturb or modify a judgment from which no appeal has been taken by the party against whom it was rendered, unless it be necessary to do so in order to afford adequate and proper relief to the party taking the appeal. Both petitions for a rehearing are

OVERRULED.