## THORNTON v. JONES.

1. **Tax Sale:** WHEN ACTION BY PURCHASER IS BARRED. Under the Revision of 1860 an action by the purchaser of land sold for delinquent taxes for the recovery of the land was barred after five years from the date of completed sale, and the sale was completed whenever the right of the purchaser to a deed became perfect.

*Appeal from Clinton District Court.*

WEDNESDAY, DECEMBER 12.

THIS action was commenced on the 1st day of August, 1874, for the recovery of certain real estate. It is averred in the petition that the plaintiff is the absolute owner of the land by virtue of a certain tax deed made to him on the 8th day of November, 1869, and recorded on the 15th day of the same month; and that said deed was made pursuant to a tax sale of said property to the plaintiff on the 1st day of October, 1866, for the delinquent taxes for the year 1865; that the plaintiff has paid the taxes upon said land for all the years since said sale, and the defendant is now, and has been since prior to October 1, 1866, in the actual possession of said real estate, and that he and his family, during all of said time, have occupied the same as their homestead.

The defendant demurred to the petition, upon the ground that the plaintiff's right to recover was barred by the statute of limitations, not having been brought within five years from the date of the sale, and that at the time of the sale, October 1st, 1866, and up to the commencement of this action, said

property was in the actual possession of the defendant and his family as a homestead.

The demurrer was sustained, and judgment was rendered thereon. Plaintiff appeals.

*Cotton & Wolfe,* for appellant.

*Geo. B. Young,* for appellee.

ROTHROCK, J. It is not claimed that defendant's rights are enlarged or changed by the fact that the property in question has been used and occupied as a homestead. The single question presented is whether the plaintiff's action was barred in five years from the day of sale, or in five years from the time plaintiff was entitled under the statute to his tax deed. Section 790 of the Revision of 1860 provided that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid. ✳ ✳ ✳ "

1. TAX SALE: when action by purchaser is barred.

In *Eldridge v. Kuehl,* 27 Iowa, 160, it was held that the word sale meant a completed sale—a sale in its legal sense—a conveyance of the title, and that the original owner of the land might bring his action at any time within five years from the delivery and recording of the tax deed. That was an action by the owner against the holder of the tax title.

In *Brown & Sully v. Painter,* 38 Iowa, 456, it was held that the statute applied to the tax sale purchaser, as well as to the owner, and the action as to the purchaser, where actual possession was held by the owner, was barred in five years from the recording of the deed.

In *Hintrager v. Hennessy,* 46 Iowa, 600, it was held that when the owner of the land continues in actual possession thereof the purchaser at tax sale must bring his action for the recovery of the land within five years from the time his right to a deed became perfect, and that he cannot, by neglecting to take his deed, prevent the running of the statute against him.

It is contended that the reasoning of the opinion in the case of *Eldridge v. Kuehl* has no application to the holder of the

tax title, because the statute may commence to run as to him on the day the land is struck off to the bidder, and he would still have two years after being entitled to a deed within which to commence his action. It may be, and probably is, true that the reasons there given apply only to the owner, but in *Brown & Sully v. Painter, supra*, it was determined that the statute was reciprocal, and that there was no authority for limiting it by judicial construction.

If, then, the statute does apply to both the tax purchaser and the owner, it may well be inquired why should the sale be construed as a completed sale in the one case, and as the mere striking off to the bidder in the other? Or, in other words, when the statute is reciprocal, and applies to the purchaser as well as the owner, why should the owner be barred in five years from a completed sale, and the action by the tax purchaser in two years from a complete sale? We can see no good reason for such a distinction. If it be said that the owner can maintain no action during the period of three years allowed for redemption, it may well be replied neither can the tax sale purchaser maintain an action during that period. He is not invested with any title or interest in the real estate; he merely holds a lien upon it for the taxes, interest, etc. *Williams v. Heath*, 22 Iowa, 519.

In *Hintrager v. Hennessy, supra*, the property was sold at tax sale to the plaintiff in 1861, and his tax deeds were executed in 1871, and the action was commenced on the same day the deeds were delivered. The point involved in the case was whether the five years limitation commenced to run at the expiration of three years from the day the land was struck off and sold by the treasurer, or whether the bar of the statute became complete in five years from the time the purchaser was entitled to a deed. It will be observed that more than five years elapsed from the time the plaintiff might have taken the deed, and before the commencement of the action; and it was determined that the sale became complete when the right to a deed became perfect, and that the statute as to the purchaser commenced to run at that time. It is expressly stated in the opinion that "it is unnecessary to determine whether the stat-

ute begins to·run at the sale, or when the right to a deed cul·minated." Whatever may be said in the opinion which may be construed as intimating that the statute should commence to run when the land was struck off at the sale, not being a question involved in the case, is by way of argument, and must be regarded as the view of the writer only.

We think the demurrer to the petition should have been overruled.

REVERSED.