CoLEMAN vs. ELDRED.

TAX DEED: LIMITATION OF ACTIONS: *What possession will interrupt the running of the statute.*

1. Occupancy of land by the former owner, or by any person for him, at any time during the three years immediately subsequent to the recording of a tax deed thereof, will disengage the bar of the statute, and relieve such owner from the conclusive effect of the tax deed. *Lewis v. Disher*, 32 Wis., 504.
2. Actual adverse possession of some forty-acre tracts in a section does not create constructive adverse possession of other tracts in the same section. *Pepper v. O'Dowd*, 39 Wis., 538.
3. Defendant, owning a large amount of pine land, gave M. and N. minutes of the whole body of his lands in certain sections, without reference to subdivisions, directing them to log for him thereon, and to occupy and use said lands as jobbers usually do; and M. and N. did so occupy and use some subdivisions of each of those sections, but did not enter upon certain forty-acre tracts therein, formerly owned by defendant, included in a recently recorded tax deed. *Held*, that these facts do not show anything to interrupt the running of the three-year limitation in favor of the tax title.

APPEAL from the Circuit Court for *Oconto* County.

Trespass *quare clausum.* The premises were nine forty-acre tracts in sections 24 and 25 of a certain town; and the trespass alleged consisted in cutting and removing pine timber therefrom. Answer, a general denial. The real issue was, whether plaintiff had title to the lands. Four of the forty-acre tracts had been sold for taxes. Plaintiff claimed under the tax deed, and defendant as former owner.

The facts found by special verdict will sufficiently appear

from the opinion. Judgment was rendered in plaintiff's favor for the timber taken from the four forty-acre tracts above mentioned; and defendant appealed.

The cause was submitted for the appellant on the brief of *John C. & A. C. Neville.* They argued that the rule of *Wilson v. Henry,* 40 Wis., 594, relative to the possession of a single lot, does not apply to this case, because the evidence shows that defendant occupied and used the lands described in the complaint as a whole body for the only purpose for which they were of any use, viz., logging, for many years prior to the date at which the statute would have run upon the tax title.

Brief for the respondent by *Hastings & Greene,* and oral argument by *Mr. Hastings.*

COLE, J. Do the facts found in the special verdict show any such actual occupation or possession by the defendant of the four forty-acre tracts covered by the tax deed (namely: the S. W. ¼ of the S. E. ¼, and the N. W. ¼ of the S. E. ¼, of section 24, and the S. W. ¼ of the N. E. ¼, and the N. W. ¼ of the N. E. ¼, of section 25), during the three years next after the recording of the tax deed, as would interrupt the running of the statute in favor of the grantee in that deed? This is the only question in the case which need be considered.

In *Lewis v. Disher,* 32 Wis., 504, it is decided that, in order that the grantee of a tax deed may acquire title to unoccupied land by lapse of time, under the statute, it must appear that the land remained and was continuously unoccupied for the whole period during which the statute was running; that any intervention or actual occupancy, during that time, by the former owner or by any person for him, would disengage the bar of the statute, and relieve such former owner from the conclusive effect which would otherwise be given to the tax deed. Within the doctrine of this decision, can it be said that the constructive possession which followed

the tax deed was interrupted by any act of the defendant in this case? We think not. It appears that the defendant owned these tracts prior to the issuing and recording of the tax deed, and also other pine lands in the same locality. The evidence shows, and the fact is admitted, that Page logged for him in the winter of 1872-3, and Simpson in the winter of 1873-4. The defendant furnished each with minutes of the whole body of lands which he owned in sections 22, 23, 24 and 25, without reference to subdivisions, as the lands on which they were to log, and gave them directions to go upon, occupy and use these lands as jobbers usually do. But neither Page nor Simpson entered upon, used or occupied in the usual and customary way of owners of pine lands, either one of the forty-acre tracts above mentioned, until after the three years' limitation in favor of the tax deed had expired. And if the running of the statute as to these tracts was interrupted, it was because Page and Simpson occupied, for the purpose of logging, other lands in the vicinity belonging to the defendant, or because he had authorized or directed them to enter and log upon the lands in question. But we are unable to see upon what principle it can be claimed that logging upon other subdivisions in the same section, or even directions given by defendant to loggers to enter and log upon these lands, could or did have the effect to interrupt the constructive possession under the tax deed. Certain it is that there was no actual occupancy of the lands by the defendant, nor any act done by him which in any way interfered with the possession. It is true, the jury found that Simpson and Page, or one of them, did use and occupy the whole body of lands claimed by the defendant in sections 24 and 25, for logging purposes, in the seasons of 1872-3-4, without reference to subdivisions; but this finding is qualified or explained by the express finding that neither Page nor Simpson did actually enter upon these lands for any purpose at these periods. Logging upon other subdivisions in the same section could not operate as con-

structive adverse possession beyond the limits of such sub-division. *Wilson v. Henry*, 35 Wis., 241; *Pepper v. O'Dowd*, 39 id., 538.

It follows from these views, that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., and LYON, J., took no part.