BAILEY v. HOWARD ET AL.

1. **Tax Sale:** STATUTE OF LIMITATIONS. Where the time for redemption from a tax sale expired and a deed was executed prior to the taking effect of the Code, an action on such deed is governed, as to the statute of limitations, by the provisions of the Revision.

*Appeal from Howard District Court.*

THURSDAY, DECEMBER 16.

THIS action was commenced at law on the 6th day of December, 1876, for the possession of certain real estate. The defendants, amongst other defenses, relied upon the statute of limitations. The cause was by stipulation transferred to the equity docket. The court found that the plaintiff is the absolute owner of the property in controversy, and entitled to the possession thereof. The defendants appeal. The facts are stated in the opinion.

*H. H. Stilwell*, for appellants.

*Levi Bullis*, for appellee.

DAY, J.—I. The defendant C. O. Howard is the owner of the patent title to the property in controversy. On the 2d day of November, 1868, said property was sold for the delinquent taxes of 1867. A treasurer's deed was executed therefor to Levi Bullis, December 7th, 1871, but was not acknowledged and filed for record until May 2d, 1872. Prior to December 5th, 1874, the land in controversy was unoccupied, unenclosed prairie, in a state of nature. For two years next prior to the 5th day of December, 1876, the defendants had possession of said premises. The defendant Masten Johnson was in possession of the premises on the 5th day of December, 1876, as the tenant of the defendant C. O. Howard, and so continued for ten months subsequently thereto.

Although the tax title purchaser was entitled to the treasurer's deed on the 2d day of November, 1871, the deed was not executed until the 7th of December, 1871, and was not perfected by acknowledgment and recording until May 2d, 1872. This action was commenced on the 6th day of December, 1876, within five years of the date of the execution of the treasurer's deed, but more than five years after the time the tax title purchaser was entitled to a deed. When the deed was in fact executed, as well as when the tax title purchaser became entitled to a deed, and for a long time before, the holder of the patent title, the defendant C. O. Howard, was in possession. `It follows that the plaintiff's action is barred by the statute of limitations unless section 902 of the Code applies and fixes the date of the actual execution and recording of the treasurer's deed as the time from which the statute of limitations begins to run. See *Hintrager v. Hennessy*, 46 Iowa, 600; *Barrett v. Love*, 48 Iowa, 103.

II. Section 902 of the Code is a substitute for section 790 of the Revision, and went into operation when the Code took effect, on the 1st day of September, 1873. Code, § 40. We need not, and perhaps should not, in this case, place a construction upon section 902. Before it went into operation, the time for redemption expired, and the treasurer's deed had been executed. Under the law theretofore in force, the statute of limitations commenced to run on the second day of November, 1871. Section 898 of the Code provides: "The provisions of this title shall not affect sales heretofore made, or tax deeds given in pursuance of sales made before the taking effect of this Code." Section 902 does not, therefore, apply to this case. It follows that the plaintiff's action is barred, and the decree must be

REVERSED.

1. TAX SALE: statute of limitations.