## KESSINGER AND ANOTHER V. WILSON AND OTHERS.

Decided July 5, 1890.

1. *Heirs—Homestead—Rights of entry.*

Where one dies seized of a homestead, leaving as heirs two minor children, they have two separate and distinct estates in the land, existing at different times and incapable of merger—the estates of homestead and of inheritance. The former entitles them to entry upon the ancestor's decease; the latter when the younger child attains majority.

2. *Concurrent rights of entry—Loss of one.*

Where there are two separate rights of entry vested in the same person, the loss of one by lapse of time does not impair the other.

3. *Judicial sales—Construction of the five years' statute of limitation. (Mansf. Dig., sec. 4474.)*

The five years' limitation for the recovery of lands sold at judicial sales was intended to require all parties to bring suits against purchasers at judicial sales within five years after the date of the sale, but only for the enforcement of such rights of recovery as could be enforced in an action brought within that time, and not to bar rights of action against the purchaser arising after the lapse of five years from the date of sale.

APPEAL from *Clay* Circuit Court, Western District.

J. E. RIDDICK, Judge.

*F. G. Taylor* for appellants.

1. The sale of a homestead during the minority of the children is an absolute nullity. 47 Ark., 445.

2. The statute did not commence to run until the youngest child attained its majority. 47 Ark., 504; 42 Ark., 357; 22 Ark., 567; Wood on Lim., pp. 527-8, and note 1; Tiedeman on Real Property, sec. 715.

3. The statute could not run against Nancy J. Casey, she being a married woman. Mansf. Dig., sec. 4471.

*J. C. Hawthorne* for appellees.

1. The appellants had a present and complete cause of action at the date of the adverse entry, and either or both

could have instituted suit for the recovery of the land. 29 Ark., 633. And more than seven years having elapsed after, their cause of action accrued, and more than three years after their majority, they are barred. 44 Ark., 481. The disability of a minor and a married woman cannot be attacked to avoid the statute. Mansf. Dig., sec. 4501; 16 Ark., 154. 47 Ark., 504, is not applicable. In this case both appellants had a complete cause of action at the date of the adverse entry, which set the statute in motion. 10 Ark., 228; 32 Ark. 131; Wood on Lim., 254. When once set in motion, no subsequent disability will arrest it, unless so expressly provided. 37 Ark., 364; 94 U. S., 773; 16 Ark., 612; Wood on Lim., p. 10.

BATTLE, J. On the 5th of February, 1888, appellants brought an action of ejectment against appellees, in the Clay circuit court, for the possession of certain land described in their complaint. Appellees pleaded the five and seven years' statutes of limitations in bar of the action. On the trial it was admitted that Daniel Kessinger died seized and possessed of the land in the month of July, 1862; that it constituted his homestead at the time of his death; that he was the father of appellants, Nancy J. Casey and John Kessinger; that Nancy J. was born on the 10th of December, 1859, and John Kessinger on the 10th of December, 1861. Evidence was adduced tending to prove that the land was sold, under an order of the probate court of Clay county, on the 22d day of January, 1872, to Abe Roberts to pay the debts of Daniel Kessinger, and that appellees claim and hold under Abe Roberts. It was also admitted that appellees and those under whom they claim have been in continuous and adverse possession of the land at all times since the first day of July, 1874; and that there is no record evidence that the sale to Roberts was reported to the probate court. The result of the trial was a judgment in favor of the appellees.

As the land was the homestead of Daniel Kessinger at the time of his death, and he left minor children, the sale thereof during their minority was void. The only question involved then is, was this action barred by the statute of limitations?

At the time the grantors of appellees took possession of the land in controversy each of the appellants had the right to hold the same as a homestead until he or she ceased to be a minor. They were also heirs of Daniel Kessinger, and the land had descended to them subject to sale, if necessary, for the payment of their father's debts. These facts present the question, did not they have two rights of entry, one at the time when they became entitled to the homestead, and the other when the younger of them reached the age of twenty-one years?

1. Heirs— Homestead— Rights of entry. The land was set apart by the law to appellants, when their father died, as a home and means of maintenance during their minority. Until the younger of them reached the age of twenty-one years, it could not have been lawfully sold to pay the debts of their father's estate or partitioned between them. *Nichols v. Shearon*, 49 Ark., 75; *Kirksey v. Cole*, 47 Ark., 504. It was not subject to sale, but might have been rented to raise means for their support. Until the younger reached his majority, it remained set apart as "a place, a sanctuary, to which he or she might return to find the shelter, comfort and security of a home" during his or her minority. As an entire homestead it remained the home of both. Although the land constituting it descended to them subject to be sold to pay the debts of their father's estate, it could not have been lawfully severed or diverted from the full occupancy and enjoyment by both of them as a home during the minority of either of them. Their homestead right was like a joint tenancy with right of survivorship. As each of them arrived of age, his interest in it expired. After the older reached her majority, the younger was entitled to the exclusive use and enjoyment of the land as a home until he

became twenty-one years old, and then both became entitled to have and to hold as tenants in common, subject to the right of the administrator of Daniel Kessinger to have it sold to pay Kessinger's debts. *Kirksey v. Cole*, 47 Ark., 504. The homestead right or estate and the estate inherited in addition thereto were like two separate and distinct estates vested in different persons and following in immediate succession. Their right to the enjoyment and possession of the same did not exist at one and the same time; and neither merged in the other. The former did not merge in the latter; for, in that event, the minor children would have lost the right to enjoy the homestead during their minority, and the land constituting it would have immediately become subject to sale for the payment of the debts of their father's estate, it being insolvent, and the quality of the homestead like unto a joint tenancy would have been changed by severance to tenancy in common. Greenleaf's Cruise on Real Property, vol. 6, marginal page 484, and cases cited. And the estate inherited from their father being the larger could not merge in the homestead. So they remained separate and distinct. As they could not have been held otherwise, appellants necessarily had two rights of entry upon the land, one when they became entitled to the homestead, and the other when the younger was twenty-one years old.

The homestead right has expired, and the right to the possession of the estate inherited in addition thereto has accrued. The time which expired before the last right of entry accrued did not affect it. The statute of limitations did not commence running against it until John Kessinger was twenty-one years old. The rule is, where there are two separate rights of entry, the loss of one by lapse of time does not impair the other. It has often been held, that "a remainderman expectant on an estate for life or years, who had a right to enter because of the forfeiture of the tenant, is not bound to avail himself of the forfeiture, and his neglect to enter at

2. Concurrent rights of entry— Loss of one.

the time does not bar him of his entry on the limitation of the estate by efflux of time or the death of the tenant.'' According to Plowden, in *Stowell v. Lord Zouch*, 1 Plowd., 374, where there were three separate rights in the same person, he was entitled to the benefit of all of them the same as. though they existed in three different persons.   The maxim of the law is, ''*Quando duo jura concurrunt in una persona, æquum est ac si essent in diversis.*''   *Hunt v. Burn*, 2 Salk., marg. p. 422; *Wells v. Prince*, 9 Mass., 508; *Stevens v. Winship*, 1 Pick., 317; *Doe d. Cook v. Danvers*, 7 East, 299; *Goodright d. Fowler and Burton v. Forester*, 8 East, 552; *Kemp v. Westbrook*, 1 Vesey, Sen., 278; *Doe ex dem. Allen v. Blakeway*, 5 Car. & P., 563 (24 E. C. L. R., 709); 6 Bacon's Abridgement, p. 369; 2 Greenleaf's Cruise on Real Property, vol. 3, marg. p. 447, title 31, ch. 22, secs. 34-36; Wood on Lim., p. 528, note 1; Ang. on Lim. (6th ed.), sec. 375; 4 Kent's Com., 84.

**3. Judicial sales–Five years' limitation.**   What statute prescribes the time within which an action for the recovery of the land must be brought after the last right of entry accrued?   Appellees pleaded the five years' statute.   That statute, as enacted, provides:   ''All actions against the purchaser, his heirs or assigns, for the recovery of lands sold by any collector of the revenue for the non-payment of taxes, and for lands sold at judicial sales, shall be brought within five years *after the date of such sale*, and not thereafter; saving to minors, persons of unsound mind and persons beyond seas, the period of three years after such disability shall have been removed.''   Is it. applicable to this case?

In *Elliott v. Pearce*, 20 Ark., 516, it was pleaded in bar of an action for the recovery of land held under a purchase at a tax sale.   The defendant had held actual, continuous, adverse possession for five years from the date of the tax sale. This court held that the statute began to run from the date of the sale; and that, though the sale was irregular, ''it

was sufficient, in connection with the actual possession of the land by the defendant during the entire period of limitation, to entitle him to have his possession protected, and his title quieted.''

It was pleaded in *Cofer v. Brooks*, 20 Ark., 542, but it does not appear in that case when the deed was executed, and when possession was first taken by the purchaser at the tax sale. It does appear, however, that he was in possession on a certain day, with his family, residing on the land, clearing and preparing to raise a crop. This court said: ''It may be conceded, for the purposes of this case, that their (the deeds') recitals fail to show regular and valid tax sales, and that the deeds are void; yet it was competent for the appellee to introduce them, in connection with the evidence of his actual and continuous possession of the land for the full period of limitation, to defeat the action of the appellant, as held in *Elliott v. Pearce*.''

It was again pleaded in *Pillow v. Roberts*, 13 How., 472, but it does not appear in that case when possession was taken of the land in controversy by the holder of the tax title. It was held in that case that, though the deed executed to the purchaser at the tax sale for the land sold was irregular and worthless, it was admissible in evidence, in connection with evidence of five years' adverse possession, in order to establish a defense under the five years' statute of limitations.

After this, in *Mitchell v. Etter*, 22 Ark., 178, it was again considered. The land in controversy in that case was wild and uncultivated, and was claimed under a tax sale. This court held that the statute began to run in that case in favor of the purchaser at the tax sale against the former owner, *at the date of the sale*, whether the purchaser was in the actual possession of the land or not.

In *Phelps v. Jackson*, 31 Ark., 272, this court held, that an action to set aside a sale of land under a decree of court, or to have the land conveyed to plaintiff, it having been pur-

chased under an implied trust for his benefit, did not come within the provision of the five years' statute, and was not affected by it, because it was not an action for the recovery of land.

Statutes similar to the one under consideration have been construed in other States. In Pennsylvania an act was passed in 1804 which decreed that no action for the recovery of land sold under it should lie, unless brought within five years after the sale. On account of the difficulty in bringing an action of ejectment against a purchaser who had not taken actual possession, it was held that the limitation did not commence running until possession was taken under the sale, and that the original owner might bring an action for the land within five years after possession was taken. *Waln v. Sherman*, 8 Ser. & R., 357; *Cranmer v. Hall*, 4 W. & Ser., 36. After this an act was passed making provision for bringing an action of ejectment against a purchaser who had not taken possession, and then it was held that the limitation commenced to run from the delivery of the deed to the purchaser without regard to the possession. *Robb v. Bowen*, 9 Barr, 71; *Sheik v. McElroy*, 20 Pa. St., 31; *Burd v. Patterson*, 10 Harris, 219; *Stewart v. Trevor*, 6 P. F. Smith, 385; *Rogers v. Johnson*, 67 Pa. St., 48; *Johnston v. Jackson*, 70 Pa. St., 164; *Hole v. Rittenhouse*, 19 Pa. St., 305; *McReynolds v. Longenberger*, 57 Pa. St., 13.

In Iowa a statute declares that no action for the recovery of real property, sold for the non-payment of taxes, shall lie, unless the same shall be brought within five years from the *date of sale*, with a proviso giving further time to infants and insane persons. The Supreme Court of that State holds that this statute begins to run against the purchaser at the tax sale, and those claiming under him, as soon as his right to a deed becomes complete, and against the original owner when the deed is recorded, holding that the word sale means a complete sale, and that the sale is not completed until the title is ves-

ted.   It holds that the Iowa statutes fix the time when the deed can be executed, and that the tax purchaser cannot, by neglecting to take his deed, prevent the statutes running against him; and that, under the statutes of that State, the title does not vest in the purchaser until the deed is executed and recorded.   *Thornton v. Jones*, 47 Iowa, 397; *Eldridge v. Kuehl*, 27 Iowa, 160; *Henderson v. Oliver*, 28 Iowa, 20; *McCready v. Sexton*, 29 Iowa, 356; *Hintrager v. Hennessey*, 46 Iowa, 600; *Bailey v. Howard*, 55 Iowa, 290; *Thomas v. Stickle*, 32 Iowa, 76; *Barrett v. Love*, 48 Iowa, 103; *Francis v. Griffin*, 72 Iowa, 23.   And it held that this statute became a complete bar, at the expiration of the five years, to the maintenance of an action brought after that period against the owner or purchaser for the recovery of the land sold for taxes, if such owner or purchaser held possession of the land at and before the bar became complete, although such possession continued for a small portion of the statutory period.   *Barrett v. Love*, 48 Iowa, 103.   But if the purchaser was in the constructive possession of the land, and such possession was taken by the owner in a manner and under circumstances which were calculated to, and did, deprive the purchaser of an opportunity of vindicating his right to the land by bringing suit within the time prescribed by the statute, it held the five years would be no bar.   *Francis v. Griffin*, 72 Iowa, 23; *Griffin v. Turner*, 75 Iowa, 250.

Alabama has a statute precisely like that of Iowa.   There the courts hold that the bar of their statute begins to run only from the time the deed is executed to the purchaser at the tax sale; and that when the purchaser has continued in the open and continuous possession of the land sold for taxes, claiming title, for the period of limitation, the statute cuts off all inquiry into the regularity of the sale, and operates a bar to an action brought for the recovery of the land.   *Jones v. Randle*, 68 Ala., 258; *Pugh v. Youngblood*, 69 Ala., 296.

A statute of Wisconsin provides, that "any suit or proceeding for the recovery of land sold for taxes, except in cases where the taxes have been paid, or the land redeemed as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter." This statute was held to commence running from the date of the record of the deed, and to apply to the original owner and the tax purchaser, and to cut off either the original owner or tax purchaser, if the adverse claimant has been in the occupation of the land for the three years from the date of the record. *Knox v. Cleveland*, 13 Wis., 245; *Jones v. Collins*, 16 Wis., 621; *Parish v. Eager*, 15 Wis., 537; *Whitney v. Marshall*, 17 Wis., 180; *Edgerton v. Bird*, 6 Wis., 538; *Sprecker v. Wakeley*, 11 Wis., 432. It was also held that, "when the land is unoccupied, the holder of the tax title has constructive possession, and if the owner of the original title does not bring ejectment (which the statute permits in such case) within the three years, he is barred, but that if the tax deed is void on its face, the grantee in it has no constructive possession, and in such case the statute does not run in his favor, though it would do so, even under a void deed, if his possession was actual, open and notorious." *Knox v. Cleveland*, 13 Wis., 245; *Parish v. Eager*, 15 Wis., 537; *Jones v. Collins*, 16 Wis., 631; *Lawrence v. Kenney*, 32 Wis., 296; *Hill v. Krieke*, 11 Wis., 446; *Dean v. Earley*, 15 Wis., 100; *Lain v. Shepardson*, 18 Wis., 64; *Cutler v. Hurlbut*, 29 Wis., 152; *Lindsay v. Fay*, 25 Wis., 460; *Edgerton v. Bird*, 6 Wis., 527; *Sprecker v. Wakeley*, 11 Wis., 432; *Oconto Co. v. Jerrard*, 46 Wis., 326; *McMillan v. Wehle*, 55 Wis., 685. On the other hand, a similar possession on the part of the original owner for any part of the statutory period would interrupt the running of the statute against him, notwithstanding the tax deed is recorded. *Lewis v. Disher*, 32 Wis., 504; *Wilson v. Henry*, 35 Wis., 241; S. C., 40 Wis., 594; *Coleman v. Eldred*, 44 Wis.,

210; *Smith v. Ford*, 48 Wis., 162; *Stephenson v. Wilson*, 50 Wis., 99.

A Kansas statute provides that, "any suit or proceeding for the recovery of land sold for taxes, except in cases where the taxes have been paid, or the land redeemed as provided by law, shall be commenced within two years from the time of recording the tax deed of sale, and not thereafter." The decisions of the courts construing this statute are to the effect that an action brought after a tax deed, which was good on its face, had been recorded for two years, for the recovery of the land sold for taxes and described therein, against the grantee in the deed, or one holding under him, who was in possession of the same and had been for two years, was barred by this statute, but that it was not barred if the deed was void on its face, although the grantee, or the one holding under him, had held actual, open, notorious and adverse possession for the entire two years next after the date of recording. *Taylor v. Miles*, 5 Kan., 498; *Shoat v. Walker*, 6 Kan., 73; *Bowman v. Cockrill*, 6 Kan., 311; *Sapp v. Morrill*, 8 Kan., 677; *Hall v. Dodge*, 18 Kan., 281; *Waterson v. Devoe*, 18 Kan., 223.

A Missouri statute is as follows: "Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of the lands sold for taxes, or to defeat or avoid a sale or conveyance of the lands for taxes  *  *  *  * shall be commenced within three years from the time of recording the tax deed, and not thereafter." In *Spurlock v. Dougherty*, 81 Mo., 171, the court held that this statute did not apply where the owner was in possession; and in *Mason v. Crowder*, 85 Mo., 526, it held that it had no application, except where the tax deed is valid upon its face, and that adverse possession under a tax deed, void on its face, for three years from the time the deed was recorded would not constitute a bar under this statute; that the limitation of the statute is not based upon adverse possession.

From the foregoing view of authorities it appears that courts are nearly agreed in construing statutes like the five years' statute pleaded in this case, as to the time they commence running. They hold that statutes of limitation, clear and unambiguous, like the five years' statute of this State, begin to run according to their words, from the date of sale, record or other day, as the time may be thereby fixed. They differ, however, as to the necessity for possession for the full statutory period on the part of the party pleading the limitation, or, if he had possession, as to the effect of it. But no question of that sort is presented for our consideration. The only questions presented, as to the five years' statute, are, when does it begin to run, and is it applicable to this case?

The words of the statute are, "all actions    *    *    * shall be brought within five years after *the date of such sale*, and not thereafter." It is clear that it commences to run from the date of sale, and not thereafter, as it declares. As it begins to run at the date of the sale, it is difficult to understand how it can bar an action when the cause of it did not arise until more than ten years after the sale had elapsed. The sustainment of a contention to that effect would lead to the absurd conclusion that all rights of action against the purchaser of land sold at a judicial sale, arising after the lapse of five years from the date of sale, are barred at the very instant the cause of action accrues. This would be equivalent to a denial of the right to be heard at all in the vindication of such rights. It is manifest that the statute was never intended to be applied in such cases, but that its object was to require all parties to bring suits against purchasers at judicial sales, within five years after the date of sale, for the enforcement of only such rights to recover the land sold as can be enforced in an action brought within that time, and to bar the recovery of such rights in any suit brought thereafter. It has no application to this action. The only statute of limitation at all applicable to this case is the seven years' statute.

According to the evidence adduced in the trial of this action in the circuit court, appellants' right of action is not barred.

Reversed and remanded for a new trial.