ANDREWS *v.* JOHNSON.

4-6442                                        155 S. W. 2d 681

Opinion delivered October 27, 1941.

*E. M. Ditmon,* for appellant.

*David L. Ford* and *David S. Ford,* for appellee.

HUMPHREYS, J. As best we can gather from the meager statement of the pleadings, proceedings and testimony abstracted in this case, appellant was sued by appellees in the Sebastian circuit court, Fort Smith district, for damages done to their real estate by appellant in demolishing a long concrete block building partitioned off into 8 apartments, each apartment consisting of 2 rooms downstairs and 2 rooms upstairs.

In addition to alleging appellees' ownership of lots 15 and 16 in block 8 in Fishback Addition No. 2 to the city of Fort Smith, Arkansas, upon which the long concrete building was constructed it was alleged that appellant without their knowledge and consent and without legal authority in the summer of 1934 entered in and upon said lands and wilfully, maliciously and wantonly removed therefrom the long concrete block building and sold all the materials salvaged therefrom and converted the proceeds derived from the sale to his own use and benefits; and that at the time he so wilfully, maliciously and wantonly entered upon said premises said appellant knew that appellees were the owners of said property and that appellees did not learn of appellant's unlawful actions and trespass upon their property until some time in the year 1938.

They alleged and prayed for $4,000 actual damages to their property and $1,000 as exemplary damages. Appellant answered denying the material allegations in the complaint and, as an affirmative defense, alleged that he had authority from the city of Fort Smith to remove said building. He a'so pleaded that appellees were barred under § 8928 of Pope's Digest from recovering any damages from him for tearing down and salvaging the building.

At the close of the testimony the court sustained the plea of the statutory bar of Goldia Johnson, Ruby Holder, and Edna Winters and dismissed their complaint over their objections and exceptions, but they filed no motion for a new trial and prayed no cross-appeal in the case and are, therefore, not any longer interested parties herein.

The court refused to sustain appellant's plea of the statute of limitations against the claim of Irene Flynn and submitted the issues as between her and appellant upon the pleadings, evidence and instructions of the court to the jury, resulting in a verdict in her favor for $750, from which is this appeal.

The record as abstracted reflects that on the 22d day of January, 1940, appellees, Goldia Johnson, Ruby Holder, Edna Winters, and Irene Flynn, daughter of Hazel Price, brought this suit against appellant; that appellees' mother and grandmother of Irene Flynn executed a will giving each of her 4 daughters, Goldia, Ruby, Edna, and Hazel a life interest in 2 of the apartments together with 25 feet of the lots corresponding to the location of the apartments given to each daughter. The will provided that at the death of each daughter then her particular apartments, with grounds thereto, should vest in the heirs of the body of the respective daughter. The testator, May Granger, died on the 21st day of February, 1929, and after the will was probated the daughters, all then living and of age, entered into the actual possession of their respective apartments and continued to reside therein as their respective homesteads. Hazel Price died in 1930, leaving a daughter by her first husband 12 years of age whose name was Irene Flynn. She became 21 years of age on December 17, 1939. The parties agreed in the course of the trial that May Granger, the mother and grandmother of appellees, was the owner in fee of said property at the time she died.

There is nothing in the record showing that appellees ever sold or transferred their interest in their property to anyone, but the clear inference is that when appellant tore down the building in the summer of 1934 they still owned it; that a short time before appellant tore down and salvaged the building complaints had been made to the city and the Health Department that the property was in a bad state of repair and a representative of the Board of Health tacked a notice upon the door for appellees to move out in 24 hours or to repair the building and put it in good condition; that they chose to move out, and that a short time thereafter appellant

on the advice of the representative of the Board of Health tore down and salvaged the building, but did so without any judicial order or even without a written order or resolution of the Board of Health.

The testimony is in sharp conflict as to the value of appellees' apartments at the time they were torn down and salvaged. There is some testimony that the entire building was worth $3,500 to $4,000 and that the apartments had been renting for $8 each per month. The disputed issues of fact were submitted to the jury under correct instructions, or at least we must presume so for none of the instructions are abstracted.

In the motion for a new trial which is abstracted exceptions were saved by appellant to practically all the instructions requested and given on behalf of appellees and exceptions were also saved by appellant and carried into the motion for new trial as to instructions requested by appellant and refused by the court. But as stated above since these instructions were not abstracted, we must conclude that they correctly declared the law applicable to the issues and facts in the case.

We are unable to say that there is not substantial evidence in the record to support the finding of the jury as to the damage done to appellee's apartments. Appellee owned an estate in fee in the apartments by inheritance from her mother to whom the apartments had been willed by her grandmother. Her mother also occupied these apartments as a homestead after she acquired title thereto under the will, so appellee was entitled to the rents and profits on these apartments after her mother died in 1930. They were destroyed without authority by appellant in the summer of 1934, and he then became responsible to her for the rents and profits thereon until she became 21 years of age. Or to put it differently, she had a right to sue appellant for the rents and profits from the time he destroyed the apartments until December 17, 1939, when she attained the age of 21 which was about five and one-half years or, reduced to months, it would be 66 months at $16 per month for the 2 apartments which would amount to $1,056. This does not take into account any amount that would be due to her

as punitive damages. She claimed exemplary damages and there is some evidence tending to show that she is entitled to that character of damages. We think, therefore, there is substantial evidence in the record to sustain the verdict of the jury.

Appellant contends, that the verdict should be reversed because appellee was barred from bringing this suit under § 8928 of Pope's Digest. The injury done to appellee's property was done during her minority and under said statute she was entitled to bring her suit for the rents and profits within 3 years after she became 21 years of age. She did not become of age until December 17, 1939, and she brought this suit on January 22, 1940, which was less than a year after she attained the age of 21. Appellant contends that she was barred unless she brought the suit within 3 years after she attained the age of 18, but that contention does not take into account that she had a homestead interest in addition to her fee estate in the property. This court said in the case of *Kessinger* v. *Wilson*, 53 Ark. 400, 14 S. W. 96, 22 Am. St. Rep. 220, that: "The rule is, where there are two separate rights of entry, the loss of one by lapse of time does not impair the other." Also, see *Shepherd* v. *Zeppa, Trustee*, 199 Ark. 1, 133 S. W. 2d 860, and cases cited therein, and *Kitchens* v. *Wheeler*, 200 Ark. 671, 141 S. W. 2d 34.

No error appearing, the judgment is affirmed.

GRIFFIN SMITH, C. J., dissents on rehearing.