January Term,
1862.

DEAN vs. EARLEY.

DEAN
v.
EARLEY.

Under the statutes of 1849, the formal execution and record of a tax deed of *un-occupied* premises drew after it the possession, and made it incumbent on the previous owner, if he desired to contest its validity, to commence his action, or take actual adverse possession, within the period of limitation prescribed; otherwise his right was gone.

ERROR to the Circuit Court for *Dane* County.

On the 6th of August, 1861, *Earley* commenced an action against *Dean* to recover possession of a certain lot in the city of Madison in Dane county. On the trial, the plaintiff offered in evidence, among other conveyances, a tax deed for said lot, dated June 20, 1851, executed by the clerk of the board of supervisors of said county, in the name of the state, to the plaintiff's grantor, duly acknowledged, and recorded June 24, 1851. The defendant objected to the reading of the deed in evidence, " for that it was no evidence of title to said lot, and for that this action was not brought within the time required by the statute of limitations, in order to entitle the plaintiff to any right under said deed." Objection overruled. It was admitted that the lot had never been actually occupied by any one until the previous year, when the defendant took possession of it and enclosed it with a fence; and that he was in possession at the commencement of the action. There was other evidence, which, under the decision of the court, became immaterial.

Judgment for the plaintiff.

*J. H. Knowlton,* for plaintiff in error.

*Abbott, Gregory & Pinney,* for defendant in error.

May 15.   *By the Court,* DIXON, C. J. It was held in *Knox vs. Cleveland,* 13 Wis., 245, that under the statutes of 1849, the formal execution and record of a tax deed of unoccupied premises, drew after it the possession, and made it incumbent on the previous owner, if he desired to contest its validity, to commence his action or take actual adverse possession within the period of limitation prescribed, else his right was gone. This case comes fully within the principle there laid down,

and it becomes unnecessary for us to consider the other questions presented.

January Term, 1862.

Judgment affirmed.