## BARRETT v. LOVE.

1. **Tax Deed:** STATUTE OF LIMITATIONS: WHEN ACTION BY PURCHASER IS BARRED. Four years after the execution of a tax deed, the holder of the patent title took possession of the land, which was, up to that time, unoccupied prairie. After the expiration of five years from the recording of his deed, the tax purchaser brought an action to recover possession: *Held*, that he could not recover.

> *Argument 1.* The statute of limitations commences to operate upon a tax deed at the time of the recording of the instrument, and the bar to an action to recover possession thereunder becomes complete at the expiration of five years.

> *Argument 2.* Both patent owner and tax purchaser are to be regarded as continually claiming title from the time the deed is recorded, and neither has any right under the statute not enjoyed by the other.

> *Argument 3.* It is within the province of the legislature to provide that an action for the recovery of lands, held by the assent or sufferance of the owner, and not adversely, will be barred within a prescribed time, and section 902 of the Code is an exercise of this legislative authority. ADAMS, J., *dissenting*.

*Appeal from Mills Circuit Court.*

WEDNESDAY, APRIL 3.

THE petition states that plaintiff is entitled to the immediate possession of certain land therein described, and that he is the owner in fee simple; that the defendant wrongfully keeps him out of possession thereof. An abstract of title is attached to the petition, from which it appears that the plaintiff claims title and possession under and through a tax deed executed the 6th day of January, 1868, and recorded on the 28th day of the same month.

The answer admits the correctness of the abstract of title, and avers that plaintiff's cause of action is completely barred and cut off by the statute of limitations; that defendant is the absolute owner of the premises in controversy, and that he

has been in possession thereof under claim of ownership since February, A. D. 1872; and defendant attaches to the answer an abstract of title, from which it appears that he claims title under and through the patentee, having purchased the same February 2, 1872, and holds under a bond for a deed upon payment of the purchase money.

The plaintiff in his replication denies the allegations in the answer, and also relies on the statutory bar. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

*Dailey & Burke* and *Barcroft, Given & Drabelle*, for plaintiff.

*Watkins & Williams*, for defendant.

SEEVERS, CH. J.—I. There was a jury trial, and general verdict for the defendant. There were also special findings by the jury as follows:

1st. Do you find that defendant Love hauled out rails, posts, and logs, and placed same on the land in controversy; and, if so, when did he commence doing so?
Answer: Yes, about 1st of March, 1872.

2d. Did defendant himself, or with himself and others, burn the old grass off the land in controversy, for the purpose of preparing the same for cutting hay thereon; and if so, when?
Answer: Yes, in spring of 1872.

3d. Did defendant cut the grass on the premises in controversy, and give others permission to do so, on the shares, during the haying season of 1872?
Answer: Yes.

4th. When, if at all, did defendant Love undertake to build a fence on the premises in controversy?
Answer: In the spring of 1872.

5th. Did he permanently abandon such undertaking?
Answer: No.

6th. When, if at all, did defendant actually inclose the premises in controversy with a fence?

Barrett v. Love.

Answer: In spring of 1873.

7th. That if you find the defendant was in possession of said land, prior to the commencement of this suit, please state how long he had been in possession, and when such possession commenced?

Answer: Since the summer of 1872. Commenced in March, 1872.

8th. Did James Callanan have any knowledge of such acts, and acquiesce in them; and if so, when did he gain such knowledge?

Answer: In June, 1874.

During the trial the plaintiff objected to any evidence tending to show that defendant had cut grass on the premises during the summer of 1872, because it neither proved ownership nor possession. While if there had been no other testimony tending to show possession, the evidence objected to may have been immaterial, still we think it was admissible as tending to show, in connection with the other testimony on the same subject, that defendant was in possession at that time. The evidence tended to show the facts found by the jury in the special findings other than the one in relation to cutting grass, and it is not seriously claimed, we think, these findings are against the weight of the evidence. If, however, we are mistaken in this, such findings, under the settled and uniform rulings of this court, cannot be disturbed or set aside.

II. The plaintiff asked a witness the following question: "State what, if anything, you know of this property in controversy being improved by Mr. Love." To which the defendant objected, on the ground of immateriality, and the court sustained the objection. The value or extent of the improvements was wholly immaterial, except as it may have tended to prove or disprove the defendant's possession of the premises. The material question was one of possession, and not improvement. There was no error, therefore, in the ruling made by the court.

III. It is conceded the tax deed, under which plaintiff claims, was recorded on the 28th day of January, 1868, and the jury have found, as a fact, that the defendant was in possession in March, 1872. The presumption is such possession was continuous from that time forward, and the petition states that defendant was in possession at the commencement of the action, in August, 1874. It, therefore, clearly appears that defendant was in possession in January, 1873, when five years from the recording of the tax deed expired.

*1. TAX DEED: statute of limitations: when action barred.*

It is insisted by the plaintiff the statutory bar does not apply to the purchaser, when the land was unoccupied at the date of the sale or recording of the deed, and, on the other hand, the defendant claims the statute begins to run from the recording of the deed; or, if this be not true, then as he was in possession for ten months previous to the expiration of the five years, the bar of the statute is complete. The statute is as follows: "No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded." Rev., § 790; Code, § 902. Nothing is said as to possession, but the statutory bar seems to be complete at the expiration of the five years. If, after the expiration of that period, either the purchaser or the owner is compelled to resort to an action for the purpose of vindicating his title or possession, the bar of the statute operates on and is decisive that the action cannot be maintained. No distinction is made between the purchaser and owner; both are alike subject to the provisions of the statute. This is the effect of the ruling in *Brown & Sully v. Painter*, 38 Iowa, 456.

It is true that in Wisconsin and Pennsylvania it is held, if no one is in possession until after the prescribed period of limitation has expired, the title of the purchaser is complete and perfect, and if the owner then enters into possession the purchaser may then have his action to recover such possession. It is also held in Pennsylvania that the statute does not begin

to run against the purchaser until he has taken possession. *Waln. v. Shearman*, 8 S. & R., 357. After this decision was made, a statute was passed authorizing the owner to bring an action against the purchaser, whether in or out of possession. In commenting on this statute it is said in *Robb v. Bowen*, 9 Penn. St., 71 : "In *Waln v. Shearman* it was decided that the limitation commenced at the time possession was taken by the purchaser, because the owner had for the first time an opportunity of legally asserting his title. The reason of the law is the life of the law, and the spirit of that decision is, that it would be unjust to make the statute run when the owner had no opportunity to assert his title, but perfectly fair to launch it from the time he had such opportunity." It is urged that in *Eldridge v. Kuehl*, 27 Iowa, 160, we determined our statute was borrowed from Pennsylvania, and, therefore, the construction of such statute by the courts of that State will also be adopted by us. This may be true with the limitation that all the statutes of the State from which ours is borrowed on the given subject are identical. *Jamison v. Burton*, at present term. But there never was any statute in that State, or in Wisconsin, like ours, authorizing any person claiming an interest in real property, whether in or out of possession, to bring an action to quiet the title against any person claiming title thereto, though not in possession. Rev., § 3601; Code, § 3273. It is at least fairly inferable, from what is said in *Robb v. Bowen*, *supra*, if such a statute had been in force in Pennsylvania, that the decisions in that State would have been in accord with our views as herein expressed. As the holder of the tax title has the opportunity, under our statute, to bring an action at the time the deed is recorded, we, in the language of the Supreme Court of Pennsylvania, believe it to be perfectly fair to launch the statute from such time. In the absence of any authority, and construing the statute for ourselves, we have no hesitation in holding that such is the only fair construction that can be adopted. The right to bring an action to quiet title is equally

open both to the owner and purchaser. The limitation, or right to bring an action, applies to each equally. There is no reason why one must bring an action within the five years, and not the other. The language of the statute is clear and express, that no action shall lie unless brought within the given period. Within that period the defendant was in possession, and, this action not being brought until the five years had elapsed, the bar of the statute is complete.

IV. It is insisted the tax deed draws with it the constructive possession of the premises, when the same consists of unoccupied lands, and the putting the deed on record amounts to such an assertion of title as to compel the owner to bring an action within five years thereafter, in order to prevent the bar of the statute from being complete as to him, but the purchaser, because he is deemed to be in possession, is not required to do so. The statute itself warrants no such construction, and it is founded on the construction of statutes different from ours by the courts of other States, and is based on the thought that the owner, in permitting his land to be sold for taxes, has abandoned all claim or title thereto. In view of the known and acknowledged history of our State, the position taken is not true, for it is well known and understood that many persons, from sheer necessity, permit their lands to be sold for taxes. and others through carelessness. It may be said, with entire safety, in no case does the owner thereby intend to abandon his title. There is, therefore, neither sense nor reason in so holding. On the contrary, we hold, in accord with such well known history, that the owner is *continually claiming title*, and that he is within the spirit and letter of Rev., § 3601; Code, § 3273. At the same time, it is true the purchaser is also claiming title from the time his deed is recorded. Both are thus placed on an equality, and this, it seems to us, is the only just and equitable rule within the letter and spirit of the statutes on this subject. No hardship is thus imposed on the purchaser, as all the titles in our State are derived from the United States, and are of

record in the several counties. The purchaser, therefore, can readily ascertain against whom to bring the action.

We have thus indicated our views, as the same have been presented by counsel, without particular reference to the errors assigned, deeming such to be the better mode of disposing of the questions involved.

AFFIRMED.

ON REHEARING.

BECK, J.—A rehearing having been granted upon the petition of plaintiff, this cause was again argued by counsel originally appearing in this court for the respective parties, as well as by others who are interested in cases which involve the questions discussed before us. These arguments have been elaborate and able, and have covered the field of dispute as marked out in the discussion.

We have again, with the patience and care demanded by the importance of the questions involved, considered the case, and have reached the conclusion that our former judgment is correct.

We will proceed, with all brevity the nature of the case permits, to present another view of the questions involved, which leads us to a very satisfactory conclusion that the decision announced in our first opinion is correct.

I. We think that confusion, to some extent, has arisen in this discussion of the case, from the failure to discriminate between the statute we are called upon to construe, and other statutes of limitations, which are the foundations of decisions that have become familiar legal precedents. This has led counsel to the application of rules to this case which are, indeed, inapplicable.

That we may have a clear apprehension of the question before us, we will state the controlling facts of the case. The plaintiff, claiming to be owner in fee of the lands in controversy, brings this action to recover possession thereof. His petition shows that his title is based upon a tax deed, executed

January 6, 1868, and recorded on the 28th day of the same month. The defendant admits, in his answer, the tax title set up by plaintiff, but interposes the statute of limitations as a bar to the action. The defendant claims title to the land by a regular chain of conveyance from the government. The action was commenced in 1874, more than five years after the tax deed was recorded. The defendant was in actual possession of the land for near one year before the action was commenced. Prior to his possession the land was wild and unoccupied.

The question for determination is this: Is plaintiff's action barred by the statute of limitations (Code, § 902) applicable to the case? Counsel for plaintiff insist that it is not, for the reason that defendant was not in possession of the land for a time that would enable him to interpose the statute as a defense. They maintain that the statute will not run against plaintiff, unless defendant, for the whole period of limitation, was in the actual adverse possession of the land. This view is based upon the thought that the statute cannot be invoked for the protection of one who has not, for five years, the period of limitation, held the land adversely to plaintiff. It arises from overlooking the differences between this statute and other statutes of limitations, to which the rule and doctrine of adverse possession are applied by the courts. These statutes, like our own general statute of limitations (Code, § 2529), in most cases, follow the English Statutes of 21 James I., ch. 16, and 3 & 4 William IV., ch. 27, and provide for a limitation that shall arise within a prescribed time after plaintiff's cause of action accrued. Our general statute of limitations is in these words: "The following actions may be brought within the times herein limited respectively *after their causes accrue*, and not afterwards:      *          *

1.          *          *          *          *          *
2.          *          *          *          *          *
3.          *          *          *          *          *
4.          *          *          *          *          *
5.          *          *          *          *          *

Those brought for the recovery of real property, within ten years." Code, § 2529.

Under the express language of this statute, the period of limitation begins at the time the cause of action accrues. The courts are required to determine in each case when this event occurred, that is, when the particular cause of action accrued. In suits to recover the possession of lands, it is uniformly held that the action accrues at the time adverse possession is taken and held by the defendant, or those under whom he claims. This rule is based upon the following clear reasons and undisputed principles:

At the common law one holding the fee simple title of lands, not occupied adversely to him, is presumed to be seized, possessed thereof. We have a statute to the same effect. Code, § 1928. This presumption of seizure continues until the owner is disseized. Where the land is held under any form of tenancy, his seizure is not disturbed, for the possession of the tenant is the possession of the landlord. He may, by his assent, suffer the possession of the tenant to continue for any time, and as long as it is held under the tenancy, it is regarded by the law as his own possession. In such case no cause of action arises. As long as the occupancy continues, it is presumed to be at the sufferance of the land-owner, and that sufferance is only terminated by the commencement of the action.

In the case of the unlawful possession of land taken by a trespasser, the law does not regard the owner as disseized, dispossessed; he is still presumed to be in the seizure, possession of the land. The trespasser remains in the possession by the sufferance of the owner, and acquires no right thereby.

Disseizin occurs only when an entry is made upon lands, i. e. possession taken, unlawfully and without assent of the owner, with the intent to hold the estate therein under claim adverse to him. This is the meaning of the word *disseizin*, as used by the writers of the common law. When such an entry is made, it is not with the assent of the owner, nor held

by his sufferance. The possession of the usurper is not under the owner, but independent of him. The owner is, therefore, said to be *ousted* of his freehold, because the presumption of law that he is in possession of the land no longer exists. This presumptive possession is terminated by the entry of the adverse claimant who turns him out of possession—ousts him of the freehold.

Now, in the case of a tenant, or one whose entry was with the assent of the owner, or lawful (*congeable*, as the old writers call it), the possession held by him, as we have seen, was in subordination of the owner, and by his sufferance, which was only terminated by suit brought, and the cause of action, therefore, arose at the commencement of the suit. But in the case of the disseizor, the entry is not *congeable* (with assent of owner or lawful) and the possession is not held by sufferance of the owner, but by claim in conflict with his title. An action at once accrued; the entry of the disseizor marked the time of its accruing.

A few additional remarks, by way of illustration, may be added, if it be worth while to attempt to make clearer that which is so very plain. One holds my land with my assent, or by my sufferance. His possession in law is my possession as long as my assent or sufferance continues. I may at any time resume the possession in myself, in the manner pointed out by law, namely, by action. It is clear that my cause of action to acquire in myself the possession held for me arises when my assent or sufferance is terminated, which only happens when I take the proper steps to acquire the possession by instituting suit. But where one holds my lands adversely to my title, his possession is not regarded by the law as my possession, for he holds not by my consent or sufferance. My cause of action arises against him upon his entry under adverse claim.

For these reasons, and upon these principles, it has been uniformly held, under statutes limiting actions for the recovery of land to a period commencing with the time when the

Barrett v. Love.

cause of action accrued, that the bar did not exist, and the limitation did not run except in favor of disseizors, namely, those who entered or held land under a claim adverse to the party bringing the action. Hence, adverse possession is held by the courts to be necessary to support the plea of the statute of limitations in an action to recover land.

It is entirely unnecessary to enter into a discussion of the doctrine of adverse possession, and inquire when it exists. For the purpose of this case, it may be admitted that defendant at no time, after the acquisition of the tax title by plaintiff, held the land adversely to him.

II.   It cannot be doubted that the Legislature may so form a statute that, in cases of this character, an action for lands held by the assent or sufferance of the owner, not adversely, will be barred within a prescribed time.   The Legislature may, in such cases, require titles to be enforced by the acquisition of the possession of lands, against those who do not hold adversely, within a prescribed period, and bar recovery thereafter.   Of this there can be no question.   Reasons founded upon sound policy may be adduced to support such statutes when the titles barred thereby are based upon judicial or tax sales, or upon other methods of alienation without the assent of the party whose lands are thereby conveyed.

The statute invoked by defendant in this case is of this character, as we shall now proceed to show.   It is in the following language:   "No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded."   Code, § 902.

The commencement of the period of limitation is fixed by the words of the statute at the time when the title fully vested under the tax deed, namely, the recording of that instrument. It is not, as the general statute of limitations of our State and those of most other States, the time when plaintiff's cause of action accrued.   Under the rules of law above stated, the holder of the fee simple title is presumed to be in possession,

if the land be not held adversely to him.   But the holder of
the tax title can recover in himself the actual possession, if
the land be held by the former owner, only under the tax
deed by action.   This action cannot 'be brought, under the
express words of the statute just quoted, after the expiration
of five years from the day the tax deed was recorded.   The
character of the possession of the defendant, whether it be
adverse or not, has nothing to do with plaintiff's right of
action, if defendant resists recovery.   Of course, if defendant
admits the tax title, and that he holds under plaintiff, and
offers no defense to recovery, plaintiff would be entitled to
judgment.

The petition in this case alleges that defendant is in the
possession of the land.   Indeed the action could not be main-
tained unless such averment were made and proved, if put in
issue.   The act of plaintiff in bringing the suit and his aver-
ments in the petition, as well as the allegation of defendant's
answer and the proof, show defendant to be in the actual
possession of the lands.   By his pleadings he resists plain-
tiff's right to recover.   The character and nature of his pos-
session, whether adverse or otherwise, and the time of its
duration, we have seen are immaterial.

III.   Something has been said in argument as to the right
of the holder of a tax title to maintain an action to recover
possession when the land is wild and unoccupied.   If no one
is in actual possession, there is no necessity for the action,
for the holder of the title may'enter without it.   But, if in
such case, an action is brought and the possession is alleged
to be in defendant, and the fact is admitted by his answer,
the plaintiff is bound by the case made by the pleadings, and
cannot be permitted to show that defendant is not in actual
occupancy of the land.

IV.   There has also been something˙ said as to the rule
which must govern in the application of the statute under con-
sideration to cases where actions are brought to quiet titles,
by the holders of the tax titles, when not in possession of the

land, which they may do under Code, § 3273. The questions presented in the discussion upon this point need not be considered, as they do not arise upon the facts of this case.

V.  It is proper here to notice objections urged against the conclusions we have reached, which, as we believe, are based upon misapprehension and misapplication of the doctrines we recognize.

The seizin of land not held adversely is in the holder of the title.  If it be unoccupied, the owner has the *constructive* possession.  But it will be remarked that this is a presumption of law, and the rights of the owner are not the same under this constructive possession as under actual possession.

If lands are unoccupied, one who enters upon them under a *bona fide* claim of title does not violate the law.  Indeed, the law respects the possession thus taken, and the statute of limitations, after the time prescribed has expired, will bar an action against him.

But one who enters, under like claim of title, upon occupied lands, does violate the law, and the possession he acquires will be restored to the owner in an action of forcible entry and detainer. It is a grave error to regard the holder of the patent title as a violator of law, when he enters upon the actual occupancy of lands, before unoccupied, upon which a tax title rests.  If, therefore, our conclusions serve as an invitation to the holders of patent titles to take possession of unoccupied lands sold for taxes, they are invited to do no more than the law sanctions.  The owners of unoccupied lands hold them subject to the right of *bona fide* claimants to enter upon their possession.  There can be no exception in favor of holders of tax titles.

VI.  Actual possession under a tax title is protected by the law as possession under other titles.  No right would be defeated, nor the title made invalid by the unlawful disturbance of the actual possession of one holding a tax title. The law gives the holder of such title a remedy for the re-

covery of the actual possession of land of which he was un-lawfully deprived.

VII. It is said that, under our decision, a case may occu in which the tax title holder will be remediless. It is this: Four years and three hundred and sixty-four days have expired since the tax deed was recorded. On the last day of the five years, in which, under the statute, the action may be brought by the holder of the tax deed, the former owner enters upon the occupancy of the land. The action is barred the next day, and the tax title is defeated. The owner, it is said, lost the land because he had one day and no more in which to bring his action! This proposition of fact is supposed to demonstrate the injustice of our conclusion, and afford a firm foundation for an argument which overthrows it. The proposition, as to its facts, may be fully admitted. It will be readily seen that the holder of the tax title is in precisely the same condition he would occupy, as to the alleged injustice, in case the former owner had been in actual possession when the tax deed was recorded, and continued his occupancy for five years. In such a case, it is admitted on all hands, the tax title is barred in five years. Now the holder of the tax title did not bring his action on the last day of the five years, and lost his land because he had that last day and no more —no time after the last day—in which to bring his action. It is true he had five years in which he could have brought his action and secured the land. And he had four years and three hundred and sixty-four days, in the other case, in which he could have taken possession of the land, without even the cost of an action, for no action was necessary, and one day in which an action was necessary. We fail to see that injustice is suffered in either case. The holder of the tax title neglected to resort to the remedies the law provided, in the one case by an action, in the other by his own act, during the time given him by the statute for the commencement of his suit, and the recovery of his land. He cannot afterwards have his action at law. The remedy by his own act in enter-

ing upon the occupancy of the land, is secured him by the law. There is no greater hardship wrought him by the rule which defeats recovery of the land after he has neglected this remedy, than he suffers in the application of the same rule in bar of his action, when the land has been held adversely for the period of limitation.

VIII. We fail to see any advantage to be gained by either party in forcibly taking possession of the land, after the period of limitation has expired. We think, therefore, that the objection based upon the ground that "physical force" would be resorted to, in order to gain possession of lands, is without foundation.

IX. It will be understood, we do not hold that possession acquired by the former owner, after the expiration of the period of limitation, will enable him to set up the statute as a bar to an action by the holder of the tax title. The point is not in this case, and we do not decide it.

X. We may admit, as fully as the claim is made in argument, for the purpose of our present discussion, that the cause of action of the holder of a tax title does not accrue against the former owner until the latter enter upon the actual occupancy of the land. This admission, were the statute of the character and force which the advocates of the view adverse to ours insist on giving it, would dispose of the case. But the statute provides that the period of limitation begins when the deed is executed and recorded. The accruing of a right of action has nothing to do with the running of the statute. We know of no authority which courts possess to interpolate the statute with words giving it a meaning not intended by the Legislature. Its reading is, that the period of limitation begins at the execution and recording of the tax deed. We cannot interpret its words to mean that the period of limitation shall begin when a cause of action at law accrues; nor can we give it such an interpretation, by the interpolation of words to that effect. Finding the meaning of the statute plain, and that it is not in conflict with the con-

stitution, no objection on that ground being made to its pro-
visions, we must give it such force as its true meaning.
demands.   Its probable effect in cases that may be imagined,
and its policy, are not to be considered in order to defeat its
provisions.   It is sufficient for this court to know that the
statute is the expression of the legislative will; *ita lex scripta.*
So it must be enforced.

XI.   Statutes limiting actions to recover lands upon tax
titles, containing provisions similar in character to our statute
upon the same subject, prevail in Wisconsin and in Pennsyl-
vania.   In the State first named, it is held that the execution
and recording of a tax deed draws after it the possession of
unoccupied lands.   The former owner, in order to plead the
statute, must be in actual occupancy of the land.   *Dean v.
Early*, 15 Wis., 100 ; *Jones et al. v. Collins et al.*, 16 Wis., 594.
But it is not held that such actual occupancy must have con-
tinued for the whole period of limitation.

It is also held, in the same State, that when lands are actually
unoccupied during the period of limitation, the tax title be-
comes absolute against the former owner, and he cannot af-
terwards take possession of the land, and plead the statute to
an action by the holder of the tax title.   *Lawrence v. Kinney*,
32 Wis., 281.   These decisions are not in conflict with our
conclusions in this case.

In Pennsylvania it was held, in an action to recover lands
upon a tax title, that the statute only ran from the time the
purchaser entered into possession of the lands.   The ground
of the decision seems to be that the former owner had no
remedy by action to test the tax title, the holder of that title
not being in possession.   *Waln v. Shearman*, 8 S. & R., 357.
A subsequent statute authorized the former owner to bring an
action to test the tax title, notwithstanding the holder of that
title was not in possession of the land.   It was thereupon
held that an action by the owner would be barred, though the
holder of the tax title was not in actual possession of the land.
*Robb v. Bowen*, 9 Penn. St., 71.   The decision is reconciled with

*Waln v. Shearman,* on the ground that the subsequent statute gives the former owner an opportunity to test the validity of the tax title by action, though he be in possession of the land. A similar statute, as we have before stated, exists in this State.   Code, § 3273.   The case last cited supports the views we have adopted.

It will be remembered that the statute in question applies equally to actions brought by the holders of tax titles and the former owners.

We remain well satisfied with the conclusion announced in our first opinion, and adhere to it.

ADAMS, J., *dissenting.*—I concurred in the opinion originally filed in this case, but I may be allowed to say I did so with great hesitation, and with many doubts as to its correctness.   I am now fully satisfied that the conclusion then reached, and to which my associates still adhere, is wrong.

The question arises upon the construction of Section 902 of the Code.   The section is in these words : "No action for the recovery of real property, sold for the non-payment of taxes, shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded."

This action is brought for the recovery of real property sold for the non-payment of taxes, and is not brought within five years after the treasurer's deed was executed and recorded. My associates think that the action is barred.   In my opinion it is not.   I do not think that the statute is applicable to this case.   .

When the holder of the patent title is in possession at the time of the execution and recording of the tax deed, and does not voluntarily yield the possession, then it is to be recovered by the holder of the tax title.   If the holder of the patent title remains in possession five years, the law conclusively presumes that possession ought not to be recovered of him, and he is not bound to preserve any longer the evidence of his right to retain possession.

But if the holder of the tax title takes possession, and afterwards the holder of the patent title disseizes him, rendering an action necessary to recover possession, it is not for the disseizor to reap the advantage of his disseizin if the action to recover possession thus made necessary is not brought within five years from the recording of the tax deed.

In the case at bar the plaintiff was in the possession of the land from the time his deed was executed until the defendant's wrongful entry, which was over four years. I say he was in possession, because it is not disputed that he had the legal title, and the land was unoccupied. The law construes the possession of unoccupied land as in the holder of the legal title. And this is so even where the legal title is a tax title.

In *Dean v. Early*, 15 Wis., 100, the court said: "The formal execution and record of a tax deed draws after it the possession." Again, in *Jones v. Collins*, 16 Wis., 594, the court, speaking also of a tax deed, said: "The doctrine undoubtedly is, that the recording of the deed draws after it the constructive possession in a case where the premises are unoccupied, or there is no actual possession in either party." Again, in *Lawrence v. Kinney*, 32 Wis., 293, the court, speaking also of a tax deed, said: "It certainly requires explanation to enable one to see how a deed, declared by law to vest an absolute estate in fee simple in the grantee, and presumed in law to be in all respects regular and valid, shall be held not to draw after it the constructive possession of unoccupied and wild lands."

The doctrine, as above enunciated, cannot, I think, be successfully controverted. No court, so far as I have discovered, has ever held otherwise. Indeed, no question is made by the majority of this court upon this point. It may be assumed then that the plaintiff had constructive possession for over four years, and until he was disseized. His rights then were precisely the same as they would have been if he had held actual possession during the same time, and had been dis-

seized.   In either case the disseizin constitutes the cause of action.   Prior to it no cause of action existed.

Where the holder of the patent title is in actual possession when the tax title accrues, a cause of action exists at once in favor of the holder of the tax title, and to such case the statute in question was designed to apply.   To hold it to be applicable where the holder of the tax title *has been in posses- sion and has been disseized*, reduces it to an absurdity.   The time of the accruing of the tax title has no proper relation to such a case.

The majority opinion seems to carry an assumption that the holder of the patent title, if out of possession, should have his election of two ways in which to test the validity of the tax title, either to bring an action himself within five years from the time of the accruing of the tax title, or to disseize the holder of the tax title, and compel him, if he desires to protect himself, to bring an action within five years from the accruing of the tax title.   I think it is sufficient to say that one remedy is enough.   But it may also be said that the law will furnish no temptation to any person to commit a wrong.

If the doctrine of the majority opinion is correct, why should the holder of the patent title ever bring an action to recover possession of unoccupied lands?   His true policy would be to take possession without action.   If the five years had then expired, or should expire before the action to recover possession could be brought by the owner, the disseizor could not be disturbed.

I regret the decision made in this case, not simply because I deem it erroneous, but because through it, as it seems to me, the court has become launched upon a pathless sea of trouble, without chart or compass.   What shall the holder of a tax title to unoccupied lands do?   Shall he take actual possession?   That would not avail him unless he held it, and whether he could hold it would be a mere question of force. In *Lawrence v. Kinney*, above cited, where upon a statute similar to ours, the same construction was sought to be put

as has been adopted by a majority of this court, that court said: "In such a case it would be reduced to a question of mere physical effort and strength between the parties as to which shall get in first, and maintain possession after he is in, for if once he is dispossessed, and the other comes in, the same consequences ensue." Nor, so far as I can see, would the time ever come after the five years had expired when it could properly be said that the holder of the tax title, if the construction adopted in the majority opinion is correct, could cease to rely upon physical strength. The statute says: "No action * * * shall lie * * * unless brought within five years," etc. The court, in construing the statute, says: "Nothing is said as to possession, but the statutory bar seems to be complete at the expiration of the five years. If, after the expiration of that period, either the purchaser or the owner is compelled to resort to an action for the purpose of vindicating his title or possession, the bar of the statute operates on, and is decisive that the action cannot be maintained." If this is correct, there is no escaping the conclusion that, after five years, physical strength must constitute the sole reliance. In the majority opinion it is denied that the doctrine will lead to such a result. But such a result must follow, or the court must hold contrary to the express language of the statute, or overrule this decision, and say (what I hold to be the correct doctrine) that the statute does not apply to a case of disseizin.

It is held in the original opinion that the statute begins to run against the holder of the tax title from the recording of his deed, because an action by him for the recovery of possession may from that time be maintained. To this it may be said, that if the land is occupied at the time the tax title accrues, the holder may of course have his action to recover possession, and, under such circumstances, his action to recover possession must be brought within five years. So far there is no room for controversy. But the doctrine of the opinion is, that the plaintiff, although constructively in pos-

Barrett v. Love.

session, might have maintained an action to recover posses-
sion at any time after his title accrued, and that he should
not have relied upon his constructive possession, but should
have brought an action to recover possession. Whether he
should or not, is a question which cannot be properly evaded
in this decision. The holder of a tax title should certainly
have some way of protecting himself better than by a resort to
physical force. Should, then, the holder of a tax title, who
has constructive possession, bring an action to recover posses-
sion, and would his title be improved if judgment for posses-
sion should be obtained? I think not. A person cannot
recover what he already has. It is true that a judgment for
possession would entitle him to a writ of possession, but such
instrument would have precisely the efficacy of so much blank
paper so far as any substantial right is concerned. He who
has constructive possession may have actual possession upon
taking it. But the holder of a title to land, if in constructive
possession, cannot obtain even a writ of possession, because he
cannot obtain judgment. In a petition in an action for the
recovery of real property, the plaintiff must aver that the
defendant unlawfully keeps him out of possession. Code,
§ 3250. To entitle him to judgment against the defendant, that
averment must not only be made, but proven. Now as the
petition need not be sworn to, the plaintiff could, to be sure,
easily perform the farce of averring that the defendant unlaw-
fully keeps him out of possession, but he could not prove it,
and the action would necessarily be dismissed at his costs.

It is said that an action may be brought under sec. 3273
of the Code, but this position is, in my opinion, equally unten-
able. That section provides for an action to quiet title. The
petition must state that the petitioner is credibly informed,
and believes, that the defendant makes some claim adverse
to the estate of the petitioner. Where the petitioner is so
informed and believes, there would of course be no difficulty.
But how shall the holder of a tax title protect himself when
he is not so informed, and does not so believe? He cannot

bring an action to quiet title. He cannot go through the farce
of making the requisite averment as in an action to recover
possession where the possession is not withheld, because in
an action to quiet title the petition must be sworn to.

But suppose that we could surmount this difficulty. Sup-
pose the plaintiff in this case had immediately, upon obtain-
ing his tax deed, brought an action to quiet title, and had
obtained a judgment. I fail to see how such an action could
be of any benefit to him. Would it stop the statute from run-
ning, or launch it from a different date? It is conceded that
the plaintiff's title is perfect. It could not then have been
made more so if it had been quieted within the five years.
Besides, he is held to be barred now because the statute pro-
vides that no action to recover possession shall lie unless
brought within five years, etc. A judgment merely quieting
title before the disseizin should not have the effect to remove
the bar. There is certainly not the slightest intimation in the
statute that an action to recover possession may be brought
after five years, if a judgment quieting title has been obtained
in an action brought during the five years, and I am unable
to discover upon principle any connection between the two
things.

But suppose that a judgment quieting title would prevent
an action like the present from falling within the five years'
limitation, as I understand the doctrine of the majority of the
court to be, against whom should such action be brought?
The answer is, of course, against the holder of the patent title.
But this cannot always be done, because he cannot always be
discovered. Deeds are sometimes left unrecorded; sometimes
the owners of lands die intestate, and sometimes, when they
die testate, no record of the will, or of the proceedings probat-
ing the same, is made in the county where the land is situ-
ated. It follows if the doctrine of the majority opinion is
correct, that a tax title, however regular it may be, is subject
to a grave infirmity. It cannot be relied upon after five years
to enable the holder to recover possession if he is ousted,

unless it has at some time or other been quieted, *and although any number of judgments may have been rendered purporting to quiet it, no one can discover from the record whether it has really been quieted or not.*

The theory, then, that the holder of a tax title to unoccupied land may protect himself by bringing an action to quiet title, before his title is disputed, or by an action to recover possession while he is constructively in possession, seems to me to be subject to insuperable objections, and I reach again the result pointed out in *Lawrence v. Kinney*, above cited, as the consequence of the construction contended for in that case, and adopted in this, that the holder of a tax title, after five years, must rely upon physical force for the protection of his rights.

The construction which I contend for obviates that difficulty, and is supported not only by the decisions above cited, but by *Waln v. Shearman*, 8 Serg. & Rawle, 357.

Seevers, J.—In a petition for a rehearing, our attention is called to the fact we have in the foregoing opinions failed to pass upon the point made by the appellant that section 790 of the Revision, and section 902 of the Code, are unconstitutional, if the construction we have placed thereon is correct. As we understand, it is claimed that the construction we have adopted makes the said sections obnoxious to both the Constitution of the United States, and of this State. In this view we do not concur, and therefore overrule the point. The length of the foregoing opinions forbids a statement of our reasons.

Petition for rehearing

OVERRULED.