51 447<br>91 301

## MOINGONA COAL CO. v. BLAIR.

1. **Tax Deed**: CONSTRUCTIVE POSSESSION: STATUTE OF LIMITATIONS. The
holder of a tax deed will be deemed to be in possession of unoccupied
land, and if such possession is uninterrupted during five years from
the date of the execution and recording of the tax deed, the title ac-
quired thereby becomes perfect and complete. BECK, CH. J., and
ROTHROCK, J., *dissenting*.

*Appeal from Boone Circuit Court.*

FRIDAY, JUNE 13.

ACTION to determine the title to real estate. Trial by the
court, judgment for the defendant, and plaintiff appeals.

*E. S. Bailey* and *I. N. Kidder*, for appellant.

*Hull & Ramsey*, for appellee.

SEEVERS, J.—The defendant claims title under a tax deed
executed and recorded November 8, 1869. The plaintiff owns
the patent title, and this action was not com-
menced until more than five years had elapsed
from the recording of the tax deed. The real es-
tate in controversy was vacant and unoccupied at the time
of the sale, and so remained until 1875, when the plaintiff

*1. TAX DEED: constructive possession: statute of lim- itations.*

took possession.    We are unable to conclude otherwise under the evidence.

The only question for determination is whether this action is barred under the statute which provides that "no action for the recovery of real property sold for the non-payment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded."    Code, § 902.    This question has never been determined by this court.    It was largely discussed by counsel in *Barrett v. Love,* 48 Iowa, 103, and some of the reasons in support of the ruling in that case may logically have a bearing on the question under consideration, but the point was not decided in that case.

Under a similar statute it has been held that the "formal execution and record of a tax deed of unoccupied premises drew after it the possession, and made it incumbent on the previous owner, if he desired to contest its validity, to commence his action or take actual adverse possession within the period of limitation, else his right is gone."    *Dean v. Early,* 15 Wis., 100.    The general rule is that possession of real estate follows ownership—that is, if no one is in the actual possession the owner is deemed to have constructive possession.    It is, therefore, unnecessary for him to bring an action to vindicate his title or right of possession until another has entered into actual possession.    This rule must be applicable to tax titles because it is provided by statute that the deed, when executed, "shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all the right, title, interest and claim of the State and county thereto.    Code, § 897.    Such being the effect of the deed, the holder of the tax deed must be deemed to be in the possession of unoccupied land because he is the owner of the legal title.    He cannot, therefore, be required to bring an action to vindicate his title until actual possession has been taken by another, with hostile intent, during the period of limitation.    What length of time possession must

be taken before the expiration of the period of limitation we do not determine, no such question being before us in the present case. It must follow necessarily, we think, if possession is not taken during the period of limitation, the title of the holder of the tax deed becomes perfect and complete at the expiration of that time.

It was the evident intent of the statute that, at the expiration of five years from the recording of the tax deed, litigation in relation to the title should cease, and that the title of the holder of the tax deed or former owner should become perfect. During the period of limitation either could take actual possession, if the land was unoccupied, or bring an action. If neither is done, the bar of the statute becomes complete in favor of the owner, who, as we have shown, is the holder of the tax title.

The statute is general, and nothing is said as to the effect of possession at the sale or afterward. Hence courts, in construing the statute, felt compelled to recognize such possession, if taken within the period of limitation, when it existed, and because of it engraft exceptions on the statute. Cooley on Taxation, 377.

Possession taken by the former owner after the period of limitation has expired is ineffectual. His title and right to the possession were, by operation of the tax deed and the statute, vested in the holder of such deed at the time the former owner went into actual possession. He was, therefore, as against the owner, a trespasser.

Unless the construction we have adopted be correct, the statute would not be one of repose, and such clearly was the legislative intent

AFFIRMED.

BECK, CH. J., *dissenting.*—I reach the conclusion that the land in controversy was unoccupied until plaintiff built the house upon it.

If defendant had no actual possession at the time the five years' limitation expired, plaintiff was authorized to take pos-

session, and when defendant set up his tax title, to plead the bar of the statute. This I believe accords with the doctrine of *Barrett v. Love.*

But if defendant had actual possession when the five years expired, and continued that possession to the time the house was built, plaintiffs did not oust defendant by entering upon the land and building the house. The statute in that case would run against plaintiff. But there was no actual open and notorious possession—such use of the land as it was capable of—by either party prior to the erection of the house. In that case the party first taking possession of the land would be armed by the law with the weapon of defense supplied by the statute of limitations.

The statute of limitations will bar either party, the holder of the tax title or the holder of the patent title, after expiration of five years, if he bases his right to recover upon the title under which he claims, without bringing to its support actual possession. But if he has acquired rights by actual possession which will uphold his paper title, the statute will not be a bar. To illustrate the view, I will state a supposed case. A. holds a tax title; the deed was recorded more than five years before action to recover the land. In the action which he brings he shows no possession at any time. He cannot recover. But suppose he shows that he entered upon the land at any time before or after the expiration of five years, and was in the actual possession under the tax deed, and he was, before or after the expiration of the five years, ousted by the holder of the patent title, in that case he is not barred of his action by the statute. In the first case his title has no support from possession, in the second it has. Now the holder of the patent title has the same right under like facts as to possession. The formula just stated applies to him as well as to the tax title holder. So it appears that possession will determine the rights of the parties, and the one in possession, not having ousted the other, may set up the bar of the statute.

If I am in possession of land under a valid title, and another enters and ousts me, in an action to recover possession I must show my title. If that title is based upon a tax deed, I will recover though the deed was recorded more than five years prior to the commencement of the action.

The purpose of the statute of limitations in question is to bar actions for the recovery of lands when the titles have never been enforced by possession.

I think the judgment of the court below should be reversed.

ROTHROCK, J., concurs in the views and conclusions I have expressed in this case.