UNION MUT. LIFE INS. CO. OF MAINE v. DICE and another.

*(Circuit Court, D. Indiana. 1882.)*

1. STATUTE OF LIMITATIONS—WHEN NOT AVAILABLE AS A BAR.

   A debtor who procures and keeps in force an injunction against the collection of a debt which he ought to pay until it is barred at law by the statute of limitations, will not be allowed to avail himself of the bar in a court of equity.

2. SAME—PURCHASER AT TAX SALE—REMEDY OF.

   Where, under the state statute, the purchaser at a tax sale can bring no suit for possession after the lapse of five years from the time of the sale, nor can the owner after that time question the validity of the sale, and such purchaser has been prevented from asserting his legal rights in a court of law by unfounded and protracted litigation until the statute has run against him, he is not remediless in a court of equity.

In Equity.

*Claypool & Ketcham,* for complainant.

*Calkins & Harris,* for respondents.

GRESHAM, D. J. The lands described in the bill of complaint were sold to the respondents, Dice and Long, for non-payment of taxes, and after the lapse of two years, without redemption, the proper officer executed a deed to the purchasers. Prior to the sale the owner had executed to the complainant a mortgage on these lands to secure a loan. This mortgage was foreclosed after the tax sale, Dice and Long not being made parties; and at the foreclosure sale the complainant became the purchaser, and in due time received a deed. Some time after both this deed and the tax deed had been executed, suit was commenced in one of the state courts against the complainant by the respondents, to quiet their title to the premises. The only notice that was given of the pendency of this suit was by publication. The complainant was defaulted, and a decree was entered against it, quieting the title in the respondents. Subsequently the complainant appeared in the state court, and in a proper proceeding under the Code had this decree vacated. Including the time the decree of the state court was in force, more than five years elapsed after the tax sale before this suit was commenced; but excluding that time, the suit was commenced within five years.

The bill alleges that the tax sale was illegal, because the owner of the lands at the time had abundant personal property in the county out of which the taxes might have been made, and that no demand or other effort was made to make such taxes out of such property; that the tax assessment was excessive; that the respondents have

been in possession of the premises since the sale; and that the rents and profits exceed the amount of taxes paid by the respondents since their purchase.' The prayer is for an accounting, and a decree quieting the title in the complainant.

In their plea, the respondents aver that at the time of the tax sale the owner of the premises was a non-resident of the state, owning no personal property within it; that they have been in possession of the lands uninterruptedly since their purchase; and that this suit was not brought within five years after the tax sale. The statute which is relied on in this plea reads thus:

"No action for the recovery of real property sold for the non-payment of taxes, shall lie, unless the same be brought within five years from the sale thereof, for taxes as aforesaid, anything in the statute of limitations to the contrary notwithstanding." Davis, Rev. St. 127.

And a debtor who procures and keeps in force an injunction against the collection of a debt which he ought to pay, until it is barred at law by the statute of limitations, will not be allowed to avail himself of the bar in a court of equity.

A party who, by unfounded and protracted litigation, has been prevented from asserting his legal rights in a court of law until the statute of limitations has run against him, is not remediless in a court of equity. *Wilkinson* v. *Flowers*, 37 Miss. 579; Story, Eq. § 1521.

But Dice and Long were purchasers at a public sale; there was nothing fraudulent in their purchase, and it cannot be said that they were bound to notify the owner of the lands, or his mortgagee, of their claim or title. The premises might have been redeemed at any time within two years after the tax sale, by paying the delinquent taxes, damages, etc. Why this was not done does not appear from the bill, nor does it appear upon what grounds the decree of the state court, quieting the title in Dice and Long, was vacated. It may have been, and likely was, on the ground that the complainant was a foreign corporation, and had no actual notice of the pendency of the suit. The parties were all before the state court when the complainant appeared and had the decree set aside. This was less than five years after the tax sale. There was nothing to prevent the complainant from asserting in that suit, by cross-bill, the same right that is asserted here. It cannot be said that the bringing of the suit in the state court, and the taking of the decree and allowing it to stand in force, without personal notice to the insurance company, was a fraud upon that company.

The rule in equity is that as soon as a party has a right to apply to a court of equity for relief, the statute begins to run against him. Story Eq. § 1521*a*. The statute above quoted commenced to run at once after the sale, and by its terms the purchaser can bring no suit for possession after the lapse of five years from the time of sale, nor can the owner question the validity of the sale after that time. Any suit affecting the title is a suit for recovering the property, within the meaning of the statute. *Barrett* v. *Love,* 48 Iowa, 108.

The plea is sustained.