EXECUTOR OF GRIFFITH v. CARTER.

1. **Tax Sale and Deed:** STATUTE OF LIMITATIONS: POSSESSION OF PATENT OWNER: WHAT IS SUFFICIENT. The possession of land by the holder of the patent title, necessary to bar an action to recover the same by one claiming under a tax title, need not be of the adverse, hostile and exclusive character required under the general statute of limitations; but any visible possession, which would enable the holder of the tax title to begin his action for the land, is sufficient.

2. —: —: WHEN IT BEGINS TO RUN: RULE APPLIED. The holder of a tax deed who seeks to recover the land from the patent owner must begin his action within five years after he becomes entitled to his deed; and he cannot prevent the running of the statute against himself by neglecting to procure his deed after it is due; (see *Hintrager v. Hennessy*, 46 Iowa, 600;) but the rights of the owner of the patent title as against the tax title do not end under the statute until five years after the tax deed is actually made and recorded. Accordingly, where the land was wild and unoccupied when sold for taxes, and continued so for some

years after the tax deed was made and recorded, but, within five years after the latter date, but more than five years after the tax deed was due, the owner of the patent title asserted his right to the land by taking possession, an action by the owner of the tax title to recover the possession was barred by the statute.

*Appeal from Sioux District Court.*

FRIDAY, JUNE 13.

THIS is an action in equity which involves the title to three hundred and twenty acres of land in Sioux county. There was a decree in the district court for the plaintiff, and the defendant appeals.

*C. W. Carter, Finley Burke* and *Struble, Rishel & Sartori,* for appellant.

*J. H. Swan,* for appellee.

ROTHROCK, CH. J.—I. The land in controversy was sold by the treasurer of the county on the 2d day of October, 1871, to Henry Elkenburg, for the delinquent taxes of 1870. Elkenburg afterwards died, and the certificate was assigned by his executor to J. M. Griffith on the 24th day of November, 1875, to whom tax deeds were issued on the 15th day of January, 1876, and filed for record on the 18th of the same month. The land was wild, uncultivated prairie, and it is claimed by the defendant that about the first of November, 1880, he, as the lessee of the holder of the patent title, took possession thereof, by building a house thereon and burning the grass from the prairie, and that he has since held the actual possession thereof, having in the meantime, by a proper conveyance from the holder of the patent title, become the absolute owner of the land. This action was commenced on the first day of January, 1881.

There is some question made by counsel as to whether or not the possession of the land taken by Carter, and afterwards

*[margin note:]* 1. TAX SALE and deed: statute of limitations: possession of patent owner: what is sufficient.

held by him, was sufficient to save and protect the rights of the holder of the patent title, if he then had any rights. The principal act of possession was the erection of a small building upon the land, which was plainly visible in most directions from the point where it was erected. At about the time the house was built, Carter contracted with a party to break twenty-five acres of the land the following spring. A few acres were broken under this contract. But all the subsequent acts of Carter fairly show that the possession was taken in good faith, with the intent to put the land, or at least part of it, in cultivation. It is proper to say in this connection that the possession of land necessary to bar the action is not required to be of the adverse, hostile and exclusive character required under the general statute of limitations. Indeed, such possession is not adverse in its character. It is the possession of the owner of the patent title which, until divested in some lawful manner, is neither hostile nor adverse, and its validity depends not so much upon the character and extent of improvements upon the land, as upon a visible possession which would enable the holder of the tax title to commence his action for the land. *Barrett v. Love*, 48 Iowa, 103.

II. It having been found that the defendant, as the lessee of the holder of the patent title, was in the actual possession of the land in November, 1880, the question to be determined is, was the plaintiff's claim to the land barred by the statute of limitations? It will be observed from the foregoing statement of facts that the sale for taxes occurred on the second day of October, 1871. The holder of the ceritficate of sale was entitled to a treasurer's deed in three years from that date. But no deed was made until the fifteenth day of January, 1876, and the deed was filed for record three days after that time. The defendant was in possession within five years after that time, and this action was not commenced until more than five years after the deed was filed for record. The land was sold before the adoption of the Code, and section 790 of the Revision of 1860 provided that " no action for the

recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale for taxes as aforesaid." In the case of *Eldridge v. Kuehl*, 27 Iowa, 160, the word "sale," as used in this section, was construed to mean a completed sale, which vests the *title* in the purchaser, and that the statute commenced to run from the date of the *execution and recording of the treasurer's deed*, instead of from the time the land was struck off to the purchaser at the sale.

Section 902 of the Code provides that the action cannot be maintained " unless the same be brought within five years after the treasurer's deed was executed and recorded    *    *    *    *    *    *    *    *." It will be seen, therefore, that the amendment of the statute as found in the Code was merely the adoption of the judicial construction put upon the law as it was contained in the Revision of 1860. The argument of appellee's counsel, that the rights of these parties were fixed by the law which was in force at the time of the sale, is completely answered by the fact that the law has not been changed or amended, and before the Code, as well as now, the action commences to run from the recording of the tax deed. But it is claimed by plaintiff that the defendant is in no position to avail himself of the limitation provided by statute, because he was not in possession of the land before the expiration of five years from the time plaintiff *was entitled to take and record a deed under the law*. In other words, it is claimed that, if the defendant was not in possession within five years from the time the plaintiff could have commenced an action, if he had not delayed taking the deed, the statute of limitations does not apply. If it should be conceded that the execution and recording of the deed, without reference to the time when it might lawfully have been made and recorded, is the point of time when the statute commences to run against the tax title, then, under the ruling in *Barrett v. Love, supra*, the cause of action is barred, because the defendant was in possession before the expiration of five years from that time.

In the case of *Hintrager v. Hennesey*, 46 Iowa, 600, the owner of the property sold for taxes was in actual possession when it was assessed for the taxes for which it was sold, and such possession was ever afterwards maintained. The land was sold for taxes and not redeemed, and no tax deed was executed and recorded until about ten years after the sale. It was held that an action by the holder of the the tax deed was barred by the statute, and that, as to the tax sale purchaser, the statute of limitations commenced to run at the time he became entitled to a deed, and that he could not by his own act or *laches* prevent the running of the statute against him. The question now to be determined is, whether the statute should be held to commence to run against the owner under the patent title at the same time. We think it is very plain that it should not, and that, under *Barrett v. Love, supra*, and *Moingona Coal Co. v. Blair*, 51 Iowa, 447, if the defendant asserted his right to the land by taking possession within five years from the recording of the deed, the action is barred. It appears to us that a very brief examination of the rights of the plaintiff in the land before the execution of the deed will demonstrate the correctness of our conclusion. In the case of *Moingona Coal Co. v. Blair, supra*, and other cases, the right of the holder of the tax title is put upon the ground that it is a title, and, being the title, the holder is in constructive possession of the land, and is not required to institute any action, unless some one within five years from the recording of the deed takes actual possession. But the holder of a mere certificate of sale has no title, and no constructive possession. Counsel for appellee concedes that the title " was still in the fee owner," but says it was subject to be divested at any time by the certificate holder. It is only when the tax deed is made, executed and recorded, that it passes the title to the land, (Rev., section 784; Code, section 897,) and plaintiff could have maintained no action upon the certificate. And "no ordinary action for the recovery of such real property could therefore be brought against the holder of such certificate."

*Eldridge v. Kuehl, supra.* We think neither the language of the statute nor its purpose, which is to provide a short limitation by which controversies over tax titles shall be at an end, require us to hold that plaintiff can avail himself of his own *laches* in taking a deed, and thereby affect the interests of the owner of the land. A person may, by his slothfulness and inattention affect his own rights prejudically, but to permit him to conclude another thereby is quite another and different question.

REVERSED.