## Adams v. Griffin.

1. **Tax Deed:** ACTION TO QUIET TITLE UNDER: STATUTE OF LIMITA-
TIONS. In December, 1876, plaintiff procured a tax deed for the land in
controversy, which was invalid on account of defective proof of service of
the notice required by statute. In December, 1883, plaintiff perfected his
proof of service, and April 1, 1884, he procured another tax deed. April
15, 1884, defendant, who was the owner of the patent title, took posses-
sion of the land, which never before had been occupied. Plaintiff brings
this action to recover the land and quiet his tax title, and defendant
pleads the statute of limitations. *Held* that, since defendant did not
take possession until after plaintiff had obtained his valid deed, plaint-
iff's action, brought within five years from the date that that deed was
executed and recorded, was not barred by the statute. *Hintrager v.
Hennessy,* 46 Iowa, 600, distinguished.

*Appeal from Clay Circuit Court.*

FRIDAY, APRIL 24.

THE facts are stated in the opinion.

*Parker & Richardson,* for appellant.

*J. E. Steele,* for appellee.

SEEVERS, J.—In October, 1873, the real estate in contro-
versy was sold for the delinquent taxes of 1872 to the plaint-
iff. Two years and nine months thereafter, notice that a
deed would be applied for was served on the person in whose
name the land was taxed, by publication in a newspaper.
Proof of such service was made by the affidavit of the pub-
lisher of the paper, and in December, 1876, the treasurer
executed a deed conveying the premises to the plaintiff. This
deed, under the ruling in *American Missionary Ass'n v.
Smith,* 59 Iowa, 704, was invalid, because it was prematurely
issued, for the reason that no sufficient proof of the service
of the requisite notice had been filed as provided by law. In
December, 1883, the plaintiff filed in the treasurer's office his
own affidavit, showing the service of the notice made in 1876,

and on the first day of April, 1884, the treasurer executed to the plaintiff another deed conveying the land to him. On the fifteenth day of April, 1884, the defendant took actual possession of the land, which was unoccupied at the time of the tax sale, and so remained until possession was taken, as above stated. The plaintiff seeks to have his title to the land quieted, and for general relief. There was a demurrer to the petition, which was overruled; but the only question discussed by counsel is whether this action is barred by the statute of limitations.

It is conceded that the defendant is the owner of the patent title. It is provided by statute that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same shall be brought within five years after the treasurer's deed is executed and recorded." Code, § 902. The first deed being invalid because sufficient proof of the service of the requisite notice had not been filed, the plaintiff had the right to make such proof and obtain another deed; in *(Long v. Smith,* 62 Iowa, 329;) and this action was brought within five years from the time the new deed was obtained. But it was held in *Hintrager v. Hennessy,* 46 Iowa, 600, that the title of the purchaser became complete whenever his right to a deed became perfect, and that as to him the statute began to run at that time, if not before. This decision was made under the Revision, which made no provision for notice; but, conceding that the same rule would apply under the Code, there is a material distinction between the cited case and the one now before us. In the former, the owner of the patent title was in the actual possession of the premises at the time of the tax sale, and he remained in such possession at all times afterwards. The tax purchaser had, or was bound to take, notice of this possession, and that an action would be required to obtain possession, and under such circumstances it was held that the tax purchaser could not, by his own *laches,* extend the operation of the statute.

Conceding that the effort made by the plaintiff in 1876 to obtain a valid deed had no effect on the rights of the parties, and that the plaintiff negligently omitted to obtain a deed until the first day of April, 1884, is the right of action barred? There is no doubt, we think, if the defendant had not taken possession until five years had expired after the last deed was executed, or until April, 1889, that the plaintiff's title and right to the possession would have been perfect, notwithstanding his *laches* in taking his deed. *Moingona Coal Co. v. Blair*, 51 Iowa, 447. Until some one was in the actual possession of the land, the purchaser at a tax sale was not required to bring an action to perfect his title, or vindicate his right to the possession. If the owner of the patent title takes actual possession within five years after the tax deed is executed and recorded, then, if the holder of the tax title fails to bring an action within five·years from such time, his right of action is barred. *Barrett v. Love*, 48 Iowa, 103.

It was held in *Executor of Griffith v. Carter*, 64 Iowa, 193, that the statute did not begin to run against the owner of the patent title at the time the tax purchaser was entitled to a deed, but it was sufficient if he took possession within five years from the time the deed was executed and recorded. The first tax deed having been prematurely issued, the plaintiff had the right to procure another deed in order to perfect his title. He procured such a deed on the first day of April, 1884, and it is on this deed that he claims to recover. Now, this action was brought within five years from the time this deed was executed and recorded, and therefore he is within the letter of the statute.

It will be observed that the statute makes no reference to the question of possession, but the courts have felt that they could not ignore the actual possession of the premises in construing the statute. But, as the defendant did not take possession during the time the plaintiff negligently omitted to obtain a deed, such negilgence cannot inure to the benefit of

the defendant. In other words, the defendant did not acquire any new or additional right because of such negligence. If the defendant had entered into actual possession of the premises prior to the time the plaintiff obtained a valid deed, or his title became perfect by operation of law, it may be that the plaintiff's action would be barred. In *Long v. Smith*, above cited, it is said that a deed prematurely issued, because sufficient proof of the service of notice had not been filed, is void. Such remark, possibly, should be regarded as *dictum*, or an inaccurate expression of the true effect of such a deed. However this may be, the deed is either void or voidable, and if the latter only, it would possibly ripen into a perfect title, if not attacked within five years after it was executed and recorded, or if possession was not taken by the owner of the patent title within that time. It will be observed that the first deed was executed and recorded in 1876, and the defendant did not take possession until 1884; but we do not feel called on to determine what effect the first deed has on the rights of these parties.

AFFIRMED.