FRANCIS v. GRIFFIN.

1. **Tax Title**: ACTION TO QUIET: STATUTE OF LIMITATIONS. The statutory limitation of five years usually begins to run against the holder of a tax title at the date when he is entitled to receive his deed; (see cases cited in opinion;) but that rule does not apply where his title, which the law presumes to be perfect, is not called in question within that time by any act of the owner of the patent title, because, until it is called in question, he has no occasion to begin an action to quiet his tax title. (Compare *Moingona Coal Co. v. Blair*, 51 Iowa, 447, and *Adams v. Griffin*, 66 Id., 125. *Griffith v. Carter*, 64 Id., 193, corrected.)

*Appeal from Clay District Court.*

WEDNESDAY, JUNE 15.

ACTION in equity to quiet in plaintiff the title to a quarter section of land. A demurrer to defendant's answer was sustained by the district court, and, he refusing to plead further, judgment was entered for plaintiff.

*Parker & Richardson, Powers & Lacy* and *George G. Wright,* for appellant.

*Snow Bros.* and *Galusha Parsons,* for appellee.

REED, J.—Plaintiff claims under a deed executed by the county treasurer under a sale of the land for delinquent taxes. The sale was made on the 5th of October, 1874, and the deed was executed on the 8th of July, 1879, and recorded on the 12th of November following. The action was commenced on the 10th of November, 1884. The only defense pleaded is that the action is barred by the statute of limitations, and the fact upon which this defense is based is that defendant, being the owner of the patent title to the land, went into actual possession of it on the 9th of October, 1884, and made valuable improvements upon it. The facts, then, are that, while the action was commenced within five years after the deed was recorded, more than five years had elapsed after plaintiff was entitled to receive the deed,

and after it was actually executed, before it was commenced; and defendant went into possession within five years after the recording of the deed, but more than five years after plaintiff was entitled to take it. And the question to be determined upon these facts is whether the action is barred. It has frequently been held by this court that the statute begins to run, as against the holder of the tax title, at the date when he is entitled to receive his deed. *Hintrager v. Hennessy*, 46 Iowa, 600; *Burrett v. Love*, 48 Iowa, 103; *Moingona Coal Co. v. Blair*, 51 Iowa, 447; *Griffith v. Carter*, 64 Iowa, 193. But in each of those cases the one disputing the right of the holder of the tax title was either in possession of the property when the deed was recorded, or went into possession within five years after that date. The rule established by those cases is that, if the validity of the tax title is disputed within five years from the date when the treasurer's deed might have been taken, the one claiming thereunder must commence his action for the recovery of the land within that period, or his right of recovery will be barred. But this rule can have no application to a case where the validity of the title is disputed for the first time after the expiration of that period. The reason of the distinction is based upon the fact that in the one case the cause of action exists during the period of the statute, while in the other it has no existence until after its expiration.

The treasurer's deed operates to " vest in the purchaser all the right, title, interest, and estate of the former owner in and to the land conveyed." (Code, § 897.) He can therefore have no occasion to take any action for the establishment of his right until it is disputed. Indeed, until the former owner does something indicating an intention to dispute his title and ownership of the property, he has no cause of action against him. It would be an anomaly in the law to require a party to go into the courts for the vindication of a right which the statute declares in advance is a perfect right, and which is in no manner disputed. But when the former

owner is in the occupancy of the property when the deed is executed, and continues in possession, or when he takes possession afterwards, he thereby denies the right of the holder of the tax title, and a cause of action at once accrues. The property rights of an individual cannot be concluded, however, by the mere denial of their existence. He must be given an opportunity for their vindication. The claim of defendant, if it should be sustained, would lead us to the absurd result that all right of action by plaintiff for the vindication of his right in the property was barred at the very instant that his cause of action accrued; for, if his position be sound, plaintiff had a perfect right, as against him, to the property up to the time he took possession of it, but his plea for the vindication of that right could never be heard in the courts. This would be equivalent to a denial of the right to be heard at all in vindication of the right. It is manifest that no such construction can be given to the statute; and it is clear that plaintiff's right of action is not barred.

This view is consistent with our holding in *Moingona Coal Co. v. Blair, supra*, and *Adams v. Griffin*, 66 Iowa, 125, and it is not inconsistent with the other cases. In this connection, we deem it proper to point out an error in the opinion in *Griffith v. Carter*, as printed in the report. It is there stated that the action was commenced on the 1st of January, 1881, which was within five years after the recording of the tax deed. It was in fact commenced on the 1st of September of that year, after the expiration of the five years, and this fact appears in the second division of the opinion. The date is correctly stated in the opinion as written, and the error was committed in the printing.

The judgment will be

AFFIRMED.